[Civ. No. 23318.   First Dist., Div. Two.   Jan. 19, 1966.]

IRVING KOHN et al., Petitioners, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, et al., Respondents; THE PEOPLE, Real Party in Interest.

James C. Purcell, Mervyn Schneider and Warren Sullivan for Petitioners.

No appearance for Respondents.

Thomas C. Lynch, Attorney General, Robert R. Granucci and John F. Kraetzer, Deputy Attorneys General, for Real Party in Interest.

TAYLOR, J.—Petitioners were indicted on counts of extortion, conspiracy to commit extortion, and conspiracy to pervert the administration of the laws. The trial judge denied their motion to set aside the indictment for lack of probable cause made pursuant to Penal Code section 995. Petitioners then filed motions under Code of Civil Procedure section 170.6 to disqualify the trial judge and these motions were denied as untimely. Petitioners now seek a writ of prohibition to restrain the trial judge from proceeding further in the action. The sole question here presented is whether the motion to disqualify the trial judge was timely made.

In 1957, the Legislature adopted Code of Civil Procedure section 170.6 permitting a party, by a simple charge supported by formal affidavit, to disqualify a judge deemed prejudiced. The motion to disqualify had to be timely and the courts held that a motion was too late if filed after the judge had decided preliminary contested matters (*McClenny* v. *Superior Court,* 60 Cal.2d 677, 683 [36 Cal.Rptr. 459, 388 P.2d 691]). As stated in *Swartzman* v. *Superior Court,* 231 Cal.App.2d 195, at page 200 [41 Cal.Rptr. 721]: "A challenge under section 170.6 is not timely when made after a judge has heard and ruled on contested issues of law or fact in an action or proceeding." The theory of the courts was that a party should not be allowed to indiscriminately shop for favorable rulings.

In 1965, the Legislature, at the suggestion of the State Bar of California, adopted the following amendment to section 170.6, subdivision 2: "The fact that a judge has presided at

or acted in connection with a pretrial conference or other hearing, proceeding or motion prior to trial and not involving a determination of *contested fact issues relating to the merits* shall not preclude the later making of the motion [to disqualify] provided for herein at the time and in the manner hereinbefore provided." (Italics added.) (See Macomber & Matthews, *1965 Legislative Program*, 40 State Bar J., 122, 127; *Committee Reports-Administration of Justice*, 39 State Bar J., 497-498.)

 ▮ When statutory language is clear and unequivocal, the legislative intent must be obtained therefrom and in such cases, there is no room for judicial construction (*Caminetti* v. *Pacific Mutual Life Ins. Co.*, 22 Cal.2d 344, 353-354 [139 P.2d 908]). ▮ Here, it is crystal clear that the 1965 amendment changed the law and that a motion to disqualify a judge can now be made after any hearing or proceeding held prior to trial which does not involve a determination of a contested fact issue relating to the merits.

The principal question then is whether a hearing on a motion under Penal Code section 995 involves "a determination of contested fact issues relating to the merits" of the case. ▮ The superior court's sole function in passing on such a motion is to decide whether the grand jury had probable cause to indict the defendant (*Cotton* v. *Superior Court*, 56 Cal.2d 459 [15 Cal.Rptr. 65, 364 P.2d 241]; *People* v. *Oppenheimer*, 209 Cal.App.2d 413 [26 Cal.Rptr. 18]). In a 995 proceeding, the court merely reviews the evidence. It does not substitute its judgment as to the weight thereof or the credibility of the witnesses who testified at the hearing nor does it resolve conflicting factual contentions (*People* v. *Akard*, 215 Cal.App.2d 182, 185 [30 Cal.Rptr. 69]; *People* v. *Melchor*, 237 Cal.App.2d 685, 689-690 [47 Cal.Rptr. 235]). The function is similar to that of an appellate court reviewing the sufficiency of the evidence to sustain a judgment and involves the determination of a legal issue only (*People* v. *Janisse*, 162 Cal.App.2d 117, 122 [328 P.2d 11]). A typical example of a preliminary proceeding which involves a determination of fact issues relating to the merits would be a hearing on a motion for a preliminary injunction where the judge actually weighs evidence and resolves conflicts (*Voeltz* v. *Bakery etc. Union*, 40 Cal.2d 382, 386 [254 P.2d 553]).

The Attorney General contends that the court's province in a 995 hearing is like that in a summary judgment proceeding where a determination is made relating to factual issues.

We agree that the proceedings are similar but point out that in summary judgments likewise the obligation of the magistrate is not to pass upon or determine the factual issue itself but merely to decide if a triable issue of fact does exist (*Eagle Oil & Ref. Co.* v. *Prentice,* 19 Cal.2d 553, 555 [122 P.2d 264]). In both proceedings, the court applies the external standard of the applicable law, to test whether there were facts stated or adduced sufficient to comprise an actionable cause. It is not enough that a judge make a determination which *relates to contested fact issues.* He must have actually resolved or determined conflicting factual contentions relating to the merits prior to trial before the right to disqualify is lost.

We conclude that a motion to disqualify the trial judge made pursuant to Code of Civil Procedure section 170.6 after his determination of probable cause under Penal Code section 995 is made *before a determination of the factual issues relating to the merits of the case* and is, therefore, timely.

Let a writ of prohibition issue.

Shoemaker, P. J., and Agee, J., concurred.

The petition of the real party in interest for a hearing by the Supreme Court was denied March 16, 1966.