[Civ. No. 42124. Second Dist., Div. Two. Sept. 12, 1973.]

ANTHONY LEROY FRAIJO, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

COUNSEL

Andrews, Youngquist, McDaniel & Plotkin and Raymond C. Youngquist for Petitioner.

Edward L. Lascher for Respondent.

No appearance for Real Party in Interest.

OPINION

ROTH, P. J.—Petitioner, charged in two separate informations with two counts of burglary (Superior Court of Los Angeles County file) (case No. A 514954), and two counts of violation of section 11501 of the Health and Safety Code and two counts of violation of Health and Safety Code section 11503 (case No. A 513381), seeks prohibition to prevent August J. Goebel from presiding at his trial, asserting he has filed a timely motion pursuant to Code of Civil Procedure section 170.6 (hereinafter referred to as section 170.6) to disqualify Judge Goebel.

Petitioner was arraigned in case No. A514954 on October 17, 1972, before Judge Goebel pursuant to case assignment procedures that were in force in the East Branch of the Los Angeles County Superior Court, which procedures do not appear to involve a so-called "Master Calendar Court" (see *Sambrano* v. *Superior Court* (1973) 31 Cal.App.3d 416 [107 Cal.Rptr. 274]), and pleaded not guilty.

Thereafter, on the same day in a pretrial conference a plea bargain was negotiated with tentative approval of the court and the case was on Judge Goebel's calendar for plea and disposition on January 8, 1973.

On November 30, 1972, defendant was arraigned before Judge Goebel in case No. A513381. He pleaded not guilty and the matter was continued to December 13, 1972, for a pretrial hearing and trial setting. On that latter date the case was set for trial on January 19, 1973, and a pretrial hearing was set for January 3, 1973.

On December 29, 1972, defendant moved to advance both cases to that date, whereupon another plea bargain was negotiated and defendant pleaded guilty to one count of each information. A probation and sentence hearing was set for January 23, 1973, which hearing was later continued to January 27, 1973.

On January 26, 1973, Judge Goebel, by written order, withdrew from

the plea bargain, set aside defendant's pleas of guilty, entered not guilty pleas and set the matter for trial before him on January 30, 1973. Defendant on the latter date for the first time filed a section 170.6 declaration of prejudice. The case trailed to January 31, 1973, and was continued to March 7, 1973. Defendant filed a second section 170.6 declaration on February 7, 1973. Judge Goebel ruled as to each of defendant's motions that they were not timely for the reason that "The Court had previously made a determination of factual issue."

Section 170.6 provides in relevant part: "Where the judge . . . assigned to or who is scheduled to try the cause or hear the matter is known at least 10 days before the date set for trial or hearing, the motion shall be made at least five days before that date. . . . In no event shall any judge . . . entertain such motion if it be made . . . after trial of the cause has . . . commenced. . . . The fact that a judge . . . has presided at or acted in connection with a pretrial conference or other hearing, proceeding or motion prior to trial and not involving a determination of contested fact issues relating to the merits shall not preclude the later making of the motion provided for herein at the time and in the manner hereinbefore provided."

On December 29, 1972, when defendant entered his pleas of guilty, the five-day limitation had not yet come into play. Case No. A 514954 had not yet been set for trial and case No. A 513381 was set for trial January 19, 1973, considerably more than five days off. The entry of the guilty pleas had the effect of vacating the trial setting in case No. A 513381, and obviating any trial setting in case No. A 514954.

When the court on January 26, 1973, withdrew from the plea bargain and reinstated the not guilty pleas and set the trial some four days hence, the defendant, insofar as the time limitations of section 170.6 are concerned, was then obliged to file his motion prior to commencement of the trial. This he did and if the trial had been set before anyone other than Judge Goebel on that date, to wit, January 26, 1973, there can be no question that defendant's action would have been timely.

█ Thus, the question is whether Judge Goebel's tentative acceptance and later rejection of the plea bargain constituted a "determination of contested fact issues relating to the merits" of the case and involves a construction of section 170.6 and Penal Code section 1192.5.

We have concluded that there was no contested fact issue and that the writ should issue.

*Kohn* v. *Superior Court,* 239 Cal.App.2d 428 [48 Cal.Rptr. 832], holds that a judge in ruling on a motion under section 995 of the Penal Code does not make a determination of a factual issue relating to the merits of the case. *Kohn* reasons at pages 430 and 431 that such a ruling ". . . merely reviews the evidence. It does not substitute its judgment as to the weight thereof . . . nor does it resolve conflicting factual contentions. . . . The function . . . involves the determination of a legal issue only. . .. . It is not enough that a judge make a determination which *relates to contested fact issues.* He must have actually resolved or determined conflicting factual contentions relating to the merits prior to trial before the right to disqualify is lost."

A plea bargain is concerned only with the sentence to be imposed in exchange for defendant's plea of guilty which plea admits all of the facts necessary to establish guilt. Sentencing is addressed to the discretion of the trial judge and involves an evaluation of the circumstances surrounding the offense. Such an evaluation is not a determination of a factual issue on the merits as envisioned by section 170.6. A judge's evaluation of admitted facts, to determine whether to refuse or accept a proposed plea bargain, does not involve a fact finding function in respect of an issue to be tried.

Our ruling is based on the express provisions of section 170.6 and cases interpreting those provisions. We express no opinion on whether the rejection of a proposed plea bargain would provide a defendant with grounds to disqualify the judge under section 170, subdivision 5. That, of course, would permit a defendant to "shop" from judge to judge until he found one who would accept the proffered bargain. It is clear under section 170.6 that a defendant is entitled to make one motion and this limitation should prevent any practice which encourages "judge shopping."

A peremptory writ of mandate will issue as prayed for.

Fleming, J., concurred.

**COMPTON, J.,** Concurring and Dissenting.—I concur in the holding of the majority that the filing of the motion and declaration of prejudice was timely. However, I would deny the petition on the grounds that the supporting affidavit filed by the defendant is insufficient for reasons that will be discussed *infra.*

The majority opinion, which is filed today, is substantially identical with the opinion originally filed by this court on June 19, 1973. Subsequent to the filing of that original opinion we granted a rehearing and invited the

parties to present points and authorities on the constitutionality of Code of Civil Procedure section 170.6. Briefs have been received from the superior court and from the petitioner.

Petitioner advised that a plea of guilty has been entered in the superior court and contends that the matter is moot and should be dismissed. I disagree. "[I]f a pending case poses an issue of broad public interest that is likely to recur, the court may exercise an inherent discretion to resolve that issue even though an event occurring during its pendency would normally render the matter moot." (*In re William M.,* 3 Cal.3d 16, at p. 23 [89 Cal.Rptr. 33, 473 P.2d 737].)

I assume that the majority in filing its opinion of today also rejects the contention that the matter is moot but by declining to discuss the constitutionality of section 170.6 impliedly finds that the statute is constitutional and that the petitioner's affidavit was sufficient. From this latter implied holding I dissent.

The affidavit filed by petitioner stated simply that ". . . the judge before whom the . . . action is pending is prejudiced against the interests of the party so that declarant [petitioner] cannot or believes that he cannot have a fair and impartial trial or hearing before such judge."

A brief history of the statute in question is in order. In 1937, the Legislature enacted what was then Code of Civil Procedure section 170.5, which provided in pertinent part that "Any party or his attorney to any cause or proceeding of any nature pending in a superior court or municipal court, except the people or district attorney in a criminal case, may make and file with the clerk of the court in which the action is pending . . . a peremptory challenge in writing of the judge assigned to try or hear the cause or pending matter." The Court of Appeal in *Daigh* v. *Shaffer,* 23 Cal.App.2d 449 [73 P.2d 927], first declared that statute unconstitutional, and in *Austin* v. *Lambert,* 11 Cal.2d 73 [77 P.2d 849, 115 A.L.R. 849], the Supreme Court agreed, characterizing the statute as an unwarranted and unlawful interference with the constitutional and orderly process of the court; stating at page 79: "But to put in the hands of a litigant uncontrolled power to dislodge without reason or for an undisclosed reason, an admittedly qualified judge from the trial of a case in which forsooth the only real objection to him might be that he would be fair and impartial in the trial of the case would be to characterize the statute not as a regulation but as a concealed weapon to be used to the manifest detriment of the proper conduct of the judicial department."

In 1957, the Legislature enacted Code of Civil Procedure section 170.6 in language substantially the same as the present statute but making it applicable only to civil cases.[1]

Shortly after its enactment the question of the constitutionality of that statute was before the Supreme Court in *Johnson* v. *Superior Court,* 50 Cal.2d 693 [329 P.2d 5]. In upholding the constitutionality of the statute, the Supreme Court emphasized that the Legislature may adopt reasonable rules and regulations regarding the disqualification of judges and concluded that prejudice upon the part of a judge was reasonably and properly made a ground for disqualification. Such a conclusion is fundamental and, in fact, Code of Civil Procedure section 170, subdivision 5 presently provides for disqualification because of "prejudice" or "bias" on the part of the judge. The critical thrust of Code of Civil Procedure section 170.6, then as now, lay in the provision for establishing the prejudice or bias of a judge by the filing of the affidavit without the necessity of a judicial determination as to the actual existence of bias or prejudice. In affirming the affidavit procedure, the Supreme Court in *Johnson* stated at page 697: "[I]n order to insure confidence in the judiciary and avoid the suspicion which might arise from the belief of a litigant that the judge is biased in a case where it may be difficult or impossible for the litigant to persuade a court that his belief is justified, the Legislature could reasonably conclude that a party should have an opportunity to obtain the disqualification of a judge for prejudice, upon a sworn statement, without being required to establish it as a fact to the satisfaction of a judicial body."

At the time of the *Johnson* decision, the courts of the state had had limited experience with the operation of the statute, it only having been recently enacted prior to that decision. Thus, the court refused to assume that there would be abuse occurring. Interestingly enough, however, the court in *Johnson,* in disposing of the contention that the statute was unconstitutional because it applied only to civil cases, made the statement: "In enacting section 170.6 the Legislature could have concluded that, in

---

[1]Section 170.6 of the Code of Civil Procedure then provided in pertinent part: "(1) No judge of any superior, municipal or justice court of the State of California shall try any civil action or special proceeding of any kind or character nor hear any matter therein which involves a contested issue of law or fact when it shall be established as hereinafter provided that such judge is prejudiced against any party or attorney or the interest of any party or attorney appearing in such action or proceeding.

"(2) Any party to or any attorney appearing in any such action or proceeding may establish such prejudice by an oral or written motion without notice supported by affidavit . . . that the judge before whom such action or proceeding is pending or to whom it is assigned is prejudiced against any such party or attorney or the interest of such party or attorney so that such party or attorney cannot or believes that he cannot have a fair and impartial trial or hearing before such judge. . . ."

criminal cases, there would be a greater possibility that the right conferred by the statute would be abused, . . ."

In 1959, however, the section was amended to make it applicable to criminal cases and the courts have now had considerable experience with the statute in question.[2] I then consider it appropriate to examine the current operation of Code of Civil Procedure section 170.6 in light of experience and what I conceive to be the thrust of the *Johnson* decision.

In *Johnson,* the Supreme Court distinguished its holding in *Austin* on the basis of the difference between the peremptory challenge of the 1937 version contained in Code of Civil Procedure section 170.5 and the disqualification procedure of the 1957 version of Code of Civil Procedure section 170.6 requiring an affidavit alleging prejudice. Although the court did not undertake to set out with any specificity the requirements of a sufficient affidavit, it did in its basic holding rely heavily on the authority of *Berger* v. *United States,* 225 U.S. 22 [65 L.Ed. 481, 41 S.Ct. 230].

*Berger* dealt with and upheld the application of what was then section 21 of the Judicial Code and which is now title 28 United States Code section 144. That section provides for the disqualification of a federal district judge by the filing of an "affidavit of prejudice" as follows: "Whenever a party to any section or proceeding, civil or criminal, shall make and file an affidavit that the judge before whom the action or proceeding is to be tried or heard has a *personal bias or prejudice either against him or in favor of any opposite party* to the suit, such judge shall proceed no further therein. . . . *Every such affidavit shall state the facts and the reasons* for the belief that such bias or prejudice exists, . . ." (Italics added.)

To the extent that the mere filing of the affidavit can have the effect of disqualifying the judge, the federal statute operates similarly to California

---

[2]It is of considerable significance, too, that subsequent to the decision in *Johnson,* article VI, section 18 has been added to the Constitution of the State of California providing in pertinent part: "(a) A judge is disqualified from acting as a judge, without loss of salary, while there is pending . . . (2) a recommendation to the Supreme Court by the Commission on Judicial Qualifications for his removal or retirement. . . .

"(c) On recommendation of the Commission on Judicial Qualifications the Supreme Court may . . . (2) censure or remove a judge for action occurring not more than 6 years prior to the commencement of his current term that constitutes wilful misconduct in office, wilful and persistent failure to perform his duties, habitual intemperance, or conduct prejudicial to the administration of justice that brings the judicial office into disrepute."

The availability of such procedures would seem to lessen whatever might have been considered to be the need for summary disqualification of a judge.

procedure. But federal court interpretations of the statute are noteworthy indeed.

"Of course the reasons and facts for the belief the litigant entertains are an essential part of the affidavit, and must give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment." (*Berger, supra,* pp. 33-34 [65 L.Ed. p. 485].)

". . . Although the facts stated in the affidavit are to be taken as true, *the judge may inquire into their legal sufficiency.* Indeed he must do so. There is 'as much obligation upon a judge not to rescue himself when there is no occasion as there is for him to do so when there is,' In re Union Leader Corp., 292 F.2d 381, 391. . . ." (Italics added.) (*Rosen* v. *Sugarman,* 357 F.2d 794, 797-798.)

As was stated in *Wolfson* v. *Palmieri,* 396 F.2d 121, at page 124: ". . . the bias sufficient to disqualify must be 'personal.'" (See *D. C. Transit System, Inc.* v. *Washington Met. Area Tr. Com'n.,* 376 F.2d 765; *Knapp* v. *Kinsey,* 232 F.2d 458, 465.)

Furthermore, ". . . 'Personal' is in contrast with judicial; it characterizes an attitude of extra-judicial origin, derived non coram judice. . . . The statute never contemplated crippling our courts by disqualifying a judge, solely on the basis of a bias . . . against wrongdoers, civil or criminal, acquired from evidence presented in the course of judicial proceedings before him." (*Craven* v. *United States,* 22 F.2d 605, 607-608.)

This principle is repeated in *United States* v. *Grinnell Corp.,* 384 U.S. 563, 583 [16 L.Ed.2d 778, 793, 86 S.Ct. 1698], where it is stated: "The alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case."

Finally, again quoting from *Berger, supra*: "[The affidavit as] a precaution against abuse, removes the averments and belief from the irresponsibility of unsupported opinion, and adds to the certificate of counsel the supplementary aid of the penalties attached to perjury." (*Berger,* at p. 33 [65 L.Ed. at p. 485].)

Thus, by comparison with the federal statute and its application by the federal courts, Code of Civil Procedure section 170.6 as invoked generally and in this case in particular clearly partakes of the character of a peremptory challenge. The statute contains no specific language requiring an allegation that the bias or prejudice of the judge is, in fact, personal nor does it contain specific language requiring that the affidavit set forth facts

demonstrating that bias which if proved untrue could support a prosecution for perjury. A literal reading of Code of Civil Procedure section 170.6 would seem to permit the filing with impugnity of frivolous and false affidavits.

Experience in California has demonstrated in the many cases involving the invocation of Code of Civil Procedure section 170.6 that the procedure is used purely as a peremptory challenge. It is sophistry to contend otherwise. It is a matter of common knowledge that attorneys most often use the section because of a particular judge's "track record" in a particular type of case rather than because of any personal bias.

Such practice does not comport with the rationale upon which the *Johnson* court based its upholding of the constitutionality of Code of Civil Procedure section 170.6 nor the principles enunciated in the federal decisions upon which such rationale was based.

Since it was determined in *Austin, supra,* that a statute purporting to authorize a peremptory challenge to a judge was constitutionally defective, it is to be assumed that the Legislature's subsequent enactment of the present Code of Civil Procedure section 170.6 was intended to avoid such defect. Such was the holding in *Johnson.*

The established principles of statutory construction dictate that a statute shall be given a meaning or interpretation consistent with constitutional requirements if such can be done reasonably and consistent within the fair meaning of the language of the statute. (See 45 Cal.Jur.2d p. 674, and cases cited therein.)

Code of Civil Procedure section 170.6 provides in subdivision (1) that a judge or commissioner is disqualified if it be established that he is *prejudiced against any party or attorney* or the *interest of any party or attorney.* Subdivision (2) provides that the prejudice may be established on motion "*supported by affidavit or declaration under penalty of perjury or an oral statement under oath* that the [judge or commissioner] . . . is prejudiced against [any party, attorney or interest of such party or attorney] so that such party or attorney cannot or believes that he cannot have a fair and impartial trial or hearing . . . ."

It is at once apparent that the prejudice envisioned is a personal one and that the requirement of *supporting* the motion by affidavit or sworn statement contemplates a declaration of facts which if untrue could be the basis of a perjury prosecution, and not just a bare statement that the judge is prejudiced. The primary object of the affidavit is to establish the prejudice and not simply the declarant's belief that he cannot receive a

fair trial. Code of Civil Procedure section 170.6 can thus reasonably be interpreted as requiring the filing of an affidavit which will set the motion apart from a peremptory challenge. Therefore, it must be so interpreted.

Consistent with the holding of *Johnson* and controlling federal precedent, I conclude that a constitutional application of Code of Civil Procedure section 170.6 requires that the motion to disqualify be supported by an affidavit or declaration which sets forth legally sufficient facts to establish that the challenged judge or commissioner harbors a personal prejudice or bias of extrajudicial origin in favor of or against a party or his counsel.

The affidavit of petitioner in the case at bench was deficient in all particulars. Therefore, I would deny the petition.