[No. A086238. First Dist., Div. Two. Aug. 10, 1999.]

STUART DEPPER, Petitioner, v.
THE SUPERIOR COURT OF ALAMEDA COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

## COUNSEL

Barry L. Morris and Kevin Taguchi for Petitioner.

Richard E. Winnie, County Counsel and John T. Ketelsen, Deputy County Counsel, for Respondent.

No appearance for Real Party in Interest.

## Opinion

KLINE, P. J.—By petition for writ of mandate, Stuart Depper contests the order of the Alameda County Superior Court denying his Code of Civil Procedure section 170.6 challenge as having been untimely filed.[1] (See Code Civ. Proc., § 170.3, subd. (d).) We issued an alternative writ directing respondent court to vacate its order denying the challenge and to enter a new order granting it or to show cause why a peremptory writ of mandate should not issue. Respondent court has elected to show cause. The issue presented in this case is whether the section 170.6 challenge was untimely because it was not made before the hearing at which the court summarily revoked probation and set the date for hearing on the petition to revoke probation. We conclude that the trial court erred in finding the challenge untimely and order issuance of a peremptory writ.

### Factual and Procedural Background

Petitioner was convicted on May 22, 1996, upon his plea of guilty to violating Health and Safety Code section 25189.5 subdivision (b), illegal disposal of hazardous waste. Following entry of his plea before Judge James Lambden, petitioner was placed on probation for three years on specified conditions, which included environmental cleanup and payment of laboratory fees.

On February 24. 1999, the Alameda County Probation Department filed a petition to revoke petitioner's probation. The petition requested that probation be summarily revoked on March 2, 1999, the date previously set for a progress report, on the ground that petitioner had failed to complete the environmental cleanup and to pay laboratory fees ordered as a condition of probation. On March 2, 1999, petitioner appeared before Judge Dean A. Beaupre in department 11, which is the master criminal calendar for Northern Alameda County. Petitioner avers that with regard to probation revocation petitions, department 11 normally arraigns the defendant on the petition, attempts to resolve the matter, and if no resolution is possible, sets the matter for a date on which a hearing will be held. On the hearing date, department

---

[1]Unless otherwise indicated, all statutory references hereafter are to the Code of Civil Procedure.

either sends the matter to another department for hearing or, on occasion, hears the matter itself.

On March 2, 1999, the district attorney stated that he was not asking that probation be revoked, but instead that probation be extended because there were certain tasks that had not been completed. He indicated that there was some confusion about whether there had been efforts to finish the cleanup and the amount of fines that were due. The court responded: "I understand what you are telling me. I'm wondering why Mr. Seary [Alameda County environmentalist] is telling us something different. . . . I'm going to set a hearing on the probation violation. I want Mr. Seary to come and tell me what's going on." The court set the hearing before it for March 23, summarily revoked probation, and ordered petitioner released on his own recognizance pending the hearing.

On March 10, counsel for petitioner filed a section 170.6 challenge. Judge Beaupre denied the challenge as untimely, ruling that petitioner should have filed it before he appeared.

## DISCUSSION

Petitioner contends that his section 170.6 challenge was timely filed. Section 170.6, subdivision (2) provides that where the judge assigned to hear the matter is known at least 10 days before the date set for the hearing, the motion shall be made at least 5 days before that date. The fact that the judge presided at an earlier hearing in the case does not prevent disqualification unless the earlier hearing involved a contested fact issue relating to the merits of the case. (§ 170.6, subd. (2); *Bambula* v. *Superior Court* (1985) 174 Cal.App.3d 653, 657 [220 Cal.Rptr. 223] [summary judgment not disputed fact hearing]; *Kohn* v. *Superior Court* (1966) 239 Cal.App.2d 428, 431 [48 Cal.Rptr. 832] [Pen. Code, § 995 motion to dismiss not disputed fact hearing].) If the case has been assigned to a judge for all purposes, the motion must be made within 10 days after notice of the all purpose assignment. If directed to the trial of a cause where there is a master calendar, the motion shall be made to the judge supervising the master calendar no later than the time the cause is assigned for trial. If the motion is directed to a hearing (other than the trial of a cause), the motion shall be made not later than the commencement of the hearing.[2] (§ 170.6, subd. (2).)

Petitioner argues that the present situation is governed by the 10-day/5-day rule and not by the master calendar rule. Petitioner asserts that the

[2]Code of Civil Procedure section 170.6, subdivision (2) provides in full: "(2) Any party to or any attorney appearing in any such action or proceeding may establish this prejudice by an oral or written motion without notice supported by affidavit or declaration under penalty of perjury or an oral statement under oath that the judge, court commissioner, or referee before

master calendar timeliness rule was inapplicable because the setting of a future court date on March 2 did not constitute an assignment of a ready case to a ready courtroom. Petitioner relies on *People* v. *Superior Court (Lavi)* (1993) 4 Cal.4th 1164 [17 Cal.Rptr.2d 815, 847 P.2d 1031]. In *Lavi,* the criminal master calendar department of the superior court transferred a criminal prosecution for multiple sex offenses to a specific department, designated a "long cause" department, for trial setting the next day. Instead of immediately challenging the judge of the long cause department pursuant to section 170.6, the People waited until later that afternoon, after the conclusion of the hearing, to file their motion to disqualify the judge. The judge of the long cause department rejected the challenge as untimely under the master calendar rule of section 170.6, subdivision (2), which provides: "If directed to the trial of a cause where there is a master calendar, the motion shall be made to the judge supervising the master calendar not later than the time the cause is assigned for trial."

---

whom the action or proceeding is pending or to whom it is assigned is prejudiced against any such party or attorney or the interest of the party or attorney so that the party or attorney cannot or believes that he or she cannot have a fair and impartial trial or hearing before the judge, court commissioner, or referee. Where the judge, other than a judge assigned to the case for all purposes, court commissioner, or referee assigned to or who is scheduled to try the cause or hear the matter is known at least 10 days before the date set for trial or hearing, the motion shall be made at least five days before that date. If directed to the trial of a cause where there is a master calendar, the motion shall be made to the judge supervising the master calendar not later than the time the cause is assigned for trial. If directed to the trial of a cause that has been assigned to a judge for all purposes, the motion shall be made to the assigned judge or to the presiding judge by a party within 10 days after notice of the all purpose assignment, or if the party has not yet appeared in the action, then within 10 days after the appearance. If the court in which the action is pending is authorized to have no more than one judge and the motion claims that the duly elected or appointed judge of that court is prejudiced, the motion shall be made before the expiration of 30 days from the date of the first appearance in the action of the party who is making the motion or whose attorney is making the motion. In no event shall any judge, court commissioner, or referee entertain the motion if it be made after the drawing of the name of the first juror, or if there be no jury, after the making of an opening statement by counsel for plaintiff, or if there is no such statement, then after swearing in the first witness or the giving of any evidence or after trial of the cause has otherwise commenced. If the motion is directed to a hearing (other than the trial of a cause), the motion shall be made not later than the commencement of the hearing. In the case of trials or hearings not herein specifically provided for, the procedure herein specified shall be followed as nearly as may be. The fact that a judge, court commissioner, or referee has presided at or acted in connection with a pretrial conference or other hearing, proceeding or motion prior to trial and not involving a determination of contested fact issues relating to the merits shall not preclude the later making of the motion provided for herein at the time and in the manner hereinbefore provided.

"A motion under this paragraph may be made following reversal on appeal of a trial court's decision, or following reversal on appeal of a trial court's final judgment, if the trial judge in the prior proceeding is assigned to conduct a new trial on the matter. Notwithstanding paragraph (3) of this section, the party who filed the appeal that resulted in the reversal of a final judgment of a trial court may make a motion under this section regardless of whether that party or side has previously done so. The motion shall be made within 60 days after the party or the party's attorney has been notified of the assignment."

The Supreme Court held that the master calendar rule did not apply and that the challenge was timely. For the master calendar rule to apply, the court explained, a trial-ready case must be assigned to a court that is ready and able to hear the case. When the master calendar rule requirements are not met, either the all purpose assignment rule or the 10-day/5-day rule may apply. The court held that the trial court had erred in invoking the master calendar rule because the transfer of the case to the long cause department for "trial setting" was not an assignment of a trial-ready case to a trial-ready courtroom. Rather, the situation was more in the nature of an all purpose assignment because the assignment instantly identified the judge who would process the complex litigation in its entirety from that point forward. Under that rule, the People's motion was within the 10-day period for bringing the motion. Moreover, the court held that even if the all purpose assignment rule did not apply, the People's motion was timely under the 10-day/5-day rule.

We agree that the master calendar rule does not apply to this case. The setting of a future court date on March 2 did not constitute an assignment of a ready case to a ready courtroom. Nor did it constitute an assignment under the all purpose assignment rule. "When neither the master calendar rule nor the all purpose assignment rule controls, a litigant may invoke the 10-day/5-day rule as soon as the case is assigned to a known judge." (*People* v. *Superior Court (Lavi)*, *supra*, 4 Cal.4th at p. 1185.)

Respondent court argues that the challenge was untimely because it was not made before Judge Beaupre had determined a contested fact issue relating to the merits of the case. The March 2 hearing, according to respondent court, involved a determination of a contested fact issue. Respondent court asserts that the progress report on probation was merely a continuation of the original action for section 170.6 purposes, citing *Lyons* v. *Superior Court* (1977) 73 Cal.App.3d 625, 628 [140 Cal.Rptr. 826], but *Lyons* involved a significantly different situation. The defendant in *Lyons* had entered a conditional plea of guilty in the municipal court, which the superior court refused to accept. On remand to the municipal court the defendant again entered a conditional plea of guilty. This time, when it went to superior court, the defendant filed a section 170.6 challenge against the judge. The Court of Appeal held that the challenge was timely because the hearing on the new conditional plea was not a continuation of the main proceeding, but rather a separate proceeding in which a different determination might be reached. In the present case, Judge Beaupre was new to the case at the time of the March 2 hearing; he was not the judge who accepted the guilty plea. The continuation of proceedings theory is inapplicable, in any event, when a different judge presides at the hearing. (73 Cal.App.3d at p. 628.)

Respondent court argues that Judge Beaupre determined a contested issue of fact when he revoked probation at the March 2 hearing. We disagree. On March 2, the court set March 23, 1999, as the date for hearing the petition to revoke probation. The summary revocation of probation on March 2 did not involve a determination of disputed facts; it was instead a finding that there was probable cause to support revocation. (See Brown, Cal. Criminal Law Procedure and Practice (Cont.Ed.Bar 1998) Probation Revocations, § 45.10, p. 1249; *People* v. *Coleman* (1975) 13 Cal.3d 867, 894 [120 Cal.Rptr. 384, 533 P.2d 1024].) The merits of the revocation petition were to be determined at the March 23 hearing. The record of the March 2 hearing indicates that the court was making no determination of the merits then; it merely wanted to set a date on which to have the environmental officer appear and tell the court what was going on.

Respondent's reliance on *People* v. *Smith* (1961) 196 Cal.App.2d 854 [17 Cal.Rptr. 330] and *People* v. *Rojas* (1963) 216 Cal.App.2d 819 [31 Cal.Rptr. 417] is misplaced because those cases were decided before former subdivision (2) of section 170.6 was amended in 1965 to add the proviso: "The fact that a judge has presided at or acted in connection with a pretrial conference or other hearing, proceeding or motion prior to trial and not involving a determination of contested fact issues relating to the merits shall not preclude the later making of the motion provided for herein at the time and in the manner hereinbefore provided." (Stats. 1965, ch. 1442, § 1, p. 3375.) The amendment was adopted in the 1965 at the suggestion of the State Bar of California to preserve the right of a party to disqualify a judge under section 170.6 despite the fact that the judge had heard and determined an earlier demurrer or motion or other matter not involving contested fact issues relating to the merits. (See *Bambula* v. *Superior Court, supra,* 174 Cal.App.3d at pp. 656-657.)

We conclude that respondent court erred in denying the section 170.6 challenge as untimely. As we have previously described, nothing in the March 2 hearing constituted a determination of fact issues relating to the merits. All the court did was summarily revoke probation and set the date to hear evidence on whether to revoke probation. The March 2 appearance was a court appearance at which petitioner was arraigned on the allegations that he had violated his probation and informed of the date on which evidence would be heard and a determination of the merits would be made. The summary revocation of probation was analogous to a ruling on a Penal Code section 995 motion, where the court determines whether sufficient evidence was adduced at the preliminary hearing or grand jury to warrant a trial on a particular charge. ▮ Hearing a section 995 motion does not preclude a later challenge to the judge who hears the motion. (*People* v. *Von Villas*

(1992) 11 Cal.App.4th 175, 190 [15 Cal.Rptr.2d 112]; *Kohn* v. *Superior Court, supra,* 239 Cal.App.2d 428.)

*Request for Sanctions*

■ Petitioner has filed a motion for sanctions against counsel for respondent for the filing of a frivolous opposition to the writ of prohibition/mandate. An appeal is frivolous if it raises issues that indisputably have no merit, such as when "any reasonable [attorney] would agree that the point is totally and completely devoid of merit . . . ." (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 649 [183 Cal.Rptr. 508, 646 P.2d 179].) "An appeal that is simply without merit is *not* by definition frivolous and should not incur sanctions." (*Ibid.,* italics in original.) Although we have found the opposition to be without merit, we do not find it frivolous. Accordingly, the motion for sanctions is denied.

## DISPOSITION

Let a peremptory writ of mandate issue commanding respondent court to vacate its order of March 10, 1999, denying petitioner's Code of Civil Procedure section 170.6 challenge and to issue a new order granting said challenge.

Haerle, J., and Ruvolo, J., concurred.