[Civ. No. 14296. Fourth Dist., Div. One. Apr. 22, 1975.]

RICHARD ARTHUR JOURNEY, Petitioner, v.
THE SUPERIOR COURT OF SAN DIEGO
COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Harvey M. Neiman for Petitioner.

Sheela, Lightner, Hughes & Castro and Howard J. Bechefsky as Amici Curiae on behalf of Petitioner.

Robert G. Berrey, County Counsel, and Anthony Albers, Deputy County Counsel, for Respondent.

No appearance for Real Party in Interest.

## OPINION

**AULT, J.**—Richard Arthur Journey petitions for a writ of prohibition and/or mandate to compel the Honorable Jack R. Levitt, a judge of the San Diego County Superior Court, to disqualify himself under the provisions of Code of Civil Procedure section 170.6, and for an order transferring his cause to another judge of the San Diego County Superior Court.

Journey appeared before Judge Levitt on a probation revocation hearing. He filled out and timely filed a court-provided form, "Declaration of Prejudice (170.6 C.C.P.)," which substantially complied with the form set forth in the statute. He moved the court, under that statute, for an order reassigning the case to another judge.

Judge Levitt denied the motion, giving two reasons: "One, there are no facts stated but merely a conclusion; secondly, on the basis that it is a violation of the separation of powers, and hence that section 170.6 of the code as applied to this criminal proceeding under these circumstances is unconstitutional."

When counsel expressed surprise that the court had provided him with a form which was unconstitutional, Judge Levitt responded, "Perhaps you've just been brought to that realization, . . ."

Before the case could be heard, Journey filed his writ in this court and, at his request, we restrained Judge Levitt from proceeding with the revocation hearing pending our consideration of the writ.

The superior court only has appeared to answer the petition.[1]

The respondent court's contention the declaration should state facts is unmeritorious. Proof of facts showing actual prejudice is not

---

[1]The People, the real party in interest, although served, have not appeared.

required. "It is well recognized that in enacting Code of Civil Procedure section 170.6 the Legislature guaranteed to litigants an extraordinary right to disqualify a judge. The right is 'automatic' in the sense that a good faith *belief* in prejudice is alone sufficient, proof of facts showing actual prejudice not being required. [Citations.] . . . When the affidavit is timely and properly made, immediate disqualification is mandatory. (*Jacobs* v. *Superior Court,* . . . 53 Cal.2d 187, 190. . . .) Hence, [the court] was bound to accept proper affidavits without further inquiry. . . ." (*McCartney* v. *Commission on Judicial Qualifications,* 12 Cal.3d 512, 531-532 [116 Cal.Rptr. 260, 526 P.2d 268].) (See also *Johnson* v. *Superior Court,* 50 Cal.2d 693, 698 [329 P.2d 5], and *Pappa* v. *Superior Court,* 54 Cal.2d 350, 354 [5 Cal.Rptr. 703, 353 P.2d 311].)

■ The contention Code of Civil Procedure section 170.6 is an unreasonable interference with the judiciary and violates the separation of powers doctrine was raised and rejected in *Johnson* v. *Superior Court, supra,* 50 Cal.2d 693, 698, where the court held section 170.6 was not an unwarranted or unlawful interference with the constitutional and orderly processes of the court. While *Johnson* dealt with the statute when it provided for disqualification in civil cases only, its reasoning is equally applicable to the present statute which governs both civil and criminal cases.

■ Respondent argues section 170.6 sets up unreasonable classifications and is invalid under the equal protection and due process clauses of the state and federal Constitutions. These issues were not considered by the trial court when it made its ruling. They need not be considered on the merits. If the provisions of section 170.6 deprive a party of due process of the law or deny him its equal protection, such issues should be resolved in an action where one of the parties is asserting them. The People make no contention the code section is unconstitutional on these or any grounds, and the petitioner is invoking the section, not attacking it (see *In re Cregler,* 56 Cal.2d 308, 313 [14 Cal.Rptr. 289, 363 P.2d 305]). Under well-established rules, until the issues are presented by those whose rights are directly involved, we decline to discuss them.

Contrary to the assertion in respondent's brief, a judge suffers no "badge of infamy" when a litigant files a declaration stating he believes the judge is prejudiced against him or his interest. The judge's due process or personal rights simply are not involved.

Let a writ of mandate issue commanding the criminal presiding department of the San Diego County Superior Court to grant petitioner's motion under Code of Civil Procedure section 170.6 for an order reassigning the cause to another and different judge.

Brown, (Gerald), P. J., and Coughlin, J.,* concurred.

A petition for a rehearing was denied May 8, 1975, and respondent's petition for a hearing by the Supreme Court was denied June 19, 1975.

*Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.