[Civ. No. 16230. Third Dist. Aug. 20, 1976.]

JANIS KAY PARNELL, Petitioner, v.
THE SUPERIOR COURT OF TRINITY COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

COUNSEL

McCready & Doyle, James E. McCready and John Doyle for Petitioner.

No appearance for Respondent.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Charles P. Just, Roger E. Venturi and Robert D. Marshall, Deputy Attorneys General, for Real Party in Interest.

OPINION

**THE COURT.**\*—Petitioner, under indictment for the murder of her husband, seeks a writ of prohibition restraining the trial judge, the Honorable Harold Underwood, from proceeding further in the action. This proceeding follows respondent superior court's denial, as untimely, of her motion under Code of Civil Procedure section 170.6 to disqualify the trial judge.

■ Subdivision (2) of section 170.6 requires, under the circumstances of this case, that the motion be made "at least five days before" the date which has been fixed for trial.

Petitioner's motion was filed August 11, 1976; the date set for trial was August 16. The motion was timely. (*People* v. *Escobedo* (1973) 35 Cal.App.3d 32, 35-40 [110 Cal.Rptr. 550]; and see *Eagle Maintenance & Supply Co.* v. *Superior Court* (1961) 196 Cal.App.2d 692, 695 [16 Cal.Rptr. 745].)

The final sentence of subdivision (2) of section 170.6 provides that "[t]he fact that a judge . . . has presided at or acted in connection with a . . . proceeding or motion prior to trial and not involving a determination of contested fact issues relating to the merits shall not preclude the later making of the motion provided for herein at the time . . . hereinbefore provided." A hearing on a motion under Penal Code section 1538.5 for the suppression of evidence, even though involving a "determination of

---

*Before Puglia, P. J., Friedman and Janes, JJ.

contested fact issues," does not constitute a proceeding which "[relates] to the merits" of a criminal action. Therefore, petitioner's motion to disqualify the trial judge was not barred by reason of his having previously heard and denied her motion for such relief. (*Zdonek* v. *Superior Court* (1974) 38 Cal.App.3d 849, 850-853 [113 Cal.Rptr. 669] [demurrer to complaints]; *Fraijo* v. *Superior Court* (1973) 34 Cal.App.3d 222, 224-225 [109 Cal.Rptr. 909] [acceptance and later rejection of plea bargain]; *Kohn* v. *Superior Court* (1966) 239 Cal.App.2d 428, 430-431 [48 Cal.Rptr. 832] [motion to dismiss]; and see *People* v. *Kennedy* (1967) 256 Cal.App.2d 755, 760, 763 [64 Cal.Rptr. 345] [motions to dismiss, suppress].)

Application for the writ having been made on due notice to respondent and the real party in interest, this court is empowered to issue a peremptory writ without prior issuance of an alternative writ. (Code Civ. Proc., §§ 1088, 1105; *Goodenough* v. *Superior Court* (1971) 18 Cal.App.3d 692, 697 [96 Cal.Rptr. 165].)

Let a peremptory writ issue prohibiting any further proceedings in People v. Parnell (Trinity County Super. Ct. No. 6428) before Judge Underwood. The stay previously issued is to remain in effect pending finality of this opinion.

The petition of the real party in interest for a hearing by the Supreme Court was denied October 28, 1976.