[Crim. No. 38369. Second Dist., Div. Four. Apr. 8, 1981.]

THE PEOPLE, Plaintiff and Respondent, v.
JOHN CARL MONTALVO, Defendant and Appellant.

COUNSEL

Rodney Alan Tucker, under appointment by the Court of Appeal, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Edward T. Fogel, Jr., and Roy C. Preminger, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**WOODS, J.**—Defendant has appealed from his conviction, following trial by jury, of violations of Penal Code sections 664 and 211, attempted robbery, and section 211, robbery. The jury found true the allegation that defendant had used a dangerous weapon in the commission of both offenses.

## I

Appellant contends that the court erred in denying his motion, pursuant to Code of Civil Procedure section 170.6, to disqualify the trial judge. We agree and reject the trial court's conclusion that appellant's motion was untimely.

Appellant was arraigned in July 1979, at which time he entered a plea of not guilty. On December 20, 1979, before Honorable D. Sterry Fagan, appellant withdrew his not guilty plea and entered a plea of guilty, pursuant to a plea bargain. On April 1, 1980, the court having read a probation report on appellant, appellant was permitted to withdraw his guilty plea. The court found that it could not honor the plea bargain because of information contained in the probation report. The matter was then transferred back to department J, master calendar department, for further proceedings.

On June 16, 1980, the matter was reassigned from master calendar to Judge Fagan's court for trial, and defendant and his attorney, Deputy Public Defender Ralph Olson, appeared in Judge Fagan's court on that date. Defense counsel and the district attorney conferred in chambers with Judge Fagan for approximately one and one-half hours, discussing possible plea bargains and attempting to dispose of the matter without trial. At approximately 11:20 a.m., proceedings were held in open court. At that time, defense counsel moved, under Code of Civil Procedure section 170, subdivision 5, to disqualify Judge Fagan for prejudice, noting that the judge had, in April, rejected defendant's plea bargain. The trial judge responded that he had no memory of the earlier proceedings with this defendant, and certainly no prejudice against him, and denied the motion.

Defense counsel then moved to disqualify the trial judge under Code of Civil Procedure section 170.6. That motion was denied as untimely. The propriety of the denial of that second motion is challenged on appeal.

Code of Civil Procedure section 170.6 provides for the filing of an affidavit of prejudice in order to disqualify a trial judge prior to trial. The section provides in part: "If directed to the trial of a cause where there is a master calendar, the motion shall be made to the judge supervising the master calendar not later than the time the cause is assigned for trial."

▪ Appellant contends that it was impossible for him to challenge the assignment of the case to Judge Fagan, because neither he nor his attorney were present in the master calendar department at the time the matter was assigned out for trial. The record supports this contention. Appellant further points out that there was pending and trailing in the master calendar department another criminal action, charging defendant with the crime of rape. Prior to the date set for trial on the robbery matter, defense counsel (Deputy Public Defender Olson, who was representing defendant in both matters) had been answering ready for trial on the rape case for approximately two weeks. When he first appeared in Judge Fagan's courtroom for trial on June 16, he believed that he was expected to try the rape case. Therefore, he argues, he could not have returned to master calendar to challenge the trial judge for prejudice, because he was unaware of the right to challenge until he appeared in Judge Fagan's courtroom and realized that the scheduled trial was for the crime of robbery.

These facts compel the conclusion that appellant was not required to challenge the assignment of the case to Judge Fagan in the master calendar department. Section 170.6 cannot be interpreted to require the filing of an affidavit of prejudice before the identity of the trial judge is known to the affiant. (See *Eagle Maintenance & Supply Co.* v. *Superior Court* (1961) 196 Cal.App.2d 692, 694-695 [16 Cal.Rptr. 745].)

▪ The question then presented is whether the affidavit of prejudice was untimely, not having been filed until after the conclusion of an in-chambers conference concerning plea bargaining. In 1965, Code of Civil Procedure section 170.6 was amended to add the following language: "The fact that a judge has presided at or acted in connection with a pretrial conference or other hearing, proceeding or motion prior to trial *and not involving a determination of contested fact issues relating to the merits* shall not preclude the later making of the motion provided for herein at the time and in the manner hereinbefore provided." (Italics added.)

In *Kohn* v. *Superior Court* (1966) 239 Cal.App.2d 428, 430 [48 Cal. Rptr. 832], the court made the following observation with respect to that amendment: "Here, it is crystal clear that the 1965 amendment changed the law and that a motion to disqualify a judge can now be made after any hearing or proceeding held prior to trial which does not involve a determination of a contested fact issue relating to the merits."

Since the 1965 amendment, a variety of pretrial motions have been found not to involve a determination of contested fact issues.[1] Our attention has been directed to two Court of Appeal decisions addressing the issue of whether a pretrial conference on the issue of plea bargaining results in the determination of a contested fact issue, thereby prohibiting the subsequent filing of an affidavit of prejudice. In *Fraijo v. Superior Court* (1973) 34 Cal.App.3d 222, 225 [109 Cal.Rptr. 909], the court concluded: "A plea bargain is concerned only with the sentence to be imposed in exchange for defendant's plea of guilty which plea admits all of the facts necessary to establish guilt. Sentencing is addressed to the discretion of the trial judge and involves an evaluation of the circumstances surrounding the offense. Such an evaluation is not a determination of a factual issue on the merits as envisioned by section 170.6. A judge's evaluation of admitted facts, to determine whether to refuse or accept a proposed plea bargain, does not involve a fact finding function in respect of an issue to be tried."

In *Lyons v. Superior Court* (1977) 73 Cal.App.3d 625 [140 Cal.Rptr. 826], on the other hand, the court concluded that once a judge has engaged in plea bargain negotiations, it is too late to file a motion for disqualification. We note, however, that the *Lyons* court relied on the language in subdivision (1) of section 170.6, in concluding that a plea bargain "involves a contested issue of *law or fact*." (*Lyons v. Superior Court, supra*, 73 Cal.App.3d at p. 627; italics added.) The court then discusses the numerous questions of law which may have to be determined by the court in deciding whether or not to accept a plea bargain. The pertinent language, however, is found in subdivision (2) of section 170.6, which relates only to a determination of a contested *fact* issue relating to the merits. We are persuaded that the reasoning of the *Fraijo* court is sound.

---

[1]See, e.g., *People v. Brown* (Cal.App.) (motion to sever, discovery motion and motion pursuant to *Ballard v. Superior Court* (1966) 64 Cal.2d 159 [49 Cal.Rptr. 302, 410 P.2d 838, 18 A.L.R.3d 1416]); *People v. Hunter* (1977) 71 Cal.App.3d 634, 638 [139 Cal.Rptr. 560] (motion to amend information); *Los Angeles County Dept. of Pub. Social Services v. Superior Court* (1977) 69 Cal.App.3d 407, 417 [138 Cal.Rptr. 43] (motion to transfer and motion for continuance); *Parnell v. Superior Court* (1976) 61 Cal.App.3d 430, 431 [132 Cal.Rptr. 535] (motion to suppress evidence pursuant to Pen. Code, § 1538.5); *Kohn v. Superior Court, supra*, 239 Cal.App.2d at p. 430 (motion to dismiss pursuant to Pen. Code, § 995).

As stated in *Kohn* v. *Superior Court, supra,* 239 Cal.App.2d at pages 430-431, a ruling on a motion under section 995 of the Penal Code does not constitute a determination of a factual issue relating to the merits of the case. Such a ruling "...merely reviews the evidence. It does not substitute its judgment as to the weight thereof ... nor does it resolve conflicting factual contentions.... The function ... involves the determination of a legal issue only.... It is not enough that a judge make a determination which *relates to contested fact issues.* He must have actually resolved or determined conflicting factual contentions relating to the merits prior to trial before the right to disqualify is lost."

While it is true that a trial judge, in determining whether to accept or reject a proposed plea bargain, may hear conflicting versions of the facts of the case, he need make no determination of any such conflict. His evaluation of those facts, in order to determine whether to accept a plea bargain, does not involve resolution of factual conflict.

Therefore, the motion to disqualify Judge Fagan was timely. It was made prior to the commencement of trial (see *People* v. *Barnfield* (1975) 52 Cal.App.3d 210, 214 [123 Cal.Rptr. 859]) and after a pretrial proceeding not involving the determination of a contested fact issue relating to the merits of the case.

█ "[I]f the motion is timely and in proper form, immediate disqualification is mandatory. The judge must recuse himself without further proof and the cause must be reassigned to another judge. (*McCartney* v. *Commission on Judicial Qualifications,* 12 Cal.3d 512, 532....)" (*In re Jose S.* (1978) 78 Cal.App.3d 619, 625 [144 Cal.Rptr. 309].)

Since Judge Fagan had been disqualified, all further rulings by him were void.

## II

Because this matter is reversed and must be retried, we do not reach appellant's contention concerning the propriety of the trial court's denial of his motion for continuance. However, since the issue may recur on retrial, we do address appellant's assertion that his sentence was improperly enhanced. The crime of robbery of which appellant was convicted was committed with the use of a pellet gun. █ The jury found true the allegation that he had used a dangerous or deadly weap-

on in the commission of that offense and enhanced his penalty pursuant to Penal Code section 12022, subdivision (b). The California courts have held that a pellet gun is in fact a dangerous weapon. (*People v. Burns* (1969) 270 Cal.App.2d 238, 254 [75 Cal.Rptr. 688]; *People v. Sherman* (1967) 251 Cal.App.2d 849, 857 [60 Cal.Rptr. 198].) Therefore, enhancement under the section is proper.

We conclude that the jury did not err in finding true the use allegation resulting in sentence enhancement.

The judgment is reversed.

Kingsley, Acting P. J., and McClosky, J., concurred.