[No. A023499. First Dist., Div. Two. July 11, 1986.]

THE PEOPLE, Plaintiff and Respondent, v.
DONALD CLAIR WHITFIELD, Defendant and Appellant.

**COUNSEL**

Allen R. Crown, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Eugene W. Kaster and Thomas A. Brady, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**ROUSE, J.**—Defendant Donald Whitfield appeals from a judgment convicting him of three counts of assault with a deadly weapon, in violation

of Penal Code section 245, subdivision (a) (now subd. (a)(1)); false imprisonment, in violation of Penal Code sections 236 and 237; two counts of possession of a concealable firearm by a felon, in violation of Penal Code section 12021, subdivision (a); possession of a concealed firearm by a felon, in violation of Penal Code section 12025, subdivision (b); and possession of a firearm by a felon who used a firearm in the commission of the prior felony, in violation of Penal Code section 12560.

For reasons which we will explain, we have concluded that the judgment of conviction must be reversed because the trial judge improperly denied defendant's peremptory challenge which was based upon Code of Civil Procedure section 170.6.

The record discloses that defendant entered pleas of not guilty to the original information and to an amended information.

As far as can be determined, Judge Leahy's first significant[1] involvement in this case occurred on July 26, 1982. The clerk's transcript shows that on July 19, 1982, Judge Creed ordered the case continued until July 21, 1982, when a hearing was to be held in Judge Leahy's department for the purpose of setting a trial date and also setting a date on which certain pretrial motions would be argued. The record on appeal contains no clerk's or reporter's transcript of any hearing held on July 21, 1982, but the clerk's transcript does contain copies of a number of written motions and supporting points and authorities which bear handwritten notations by a deputy superior court clerk to the effect that they were filed "in Open Court" on July 21, 1982.

Both the clerk's and reporter's transcripts reveal that Judge Leahy presided at a hearing held on July 26, 1982. On that date, Judge Leahy, among other things, granted defendant's discovery motion and also conducted a hearing, pursuant to *People* v. *Marsden* (1970) 2 Cal.3d 118 [84 Cal.Rptr. 156, 465 P.2d 44], to determine whether defendant was being competently represented by his current trial counsel, Mr. Blackman. The reporter's transcript of the July 26, 1982, hearing reveals that, before hearing defendant's *Marsden* motion, Judge Leahy asked the prosecutor to leave the courtroom because the judge was of the opinion that the prosecution should not be present during a discussion which might reveal tactical defense choices. The judge then stated that defendant had written to the court on July 22, 1982, asking for a *Marsden* hearing and indicating that he thought that his attorney, Mr.

---

[1]The record reveals that Judge Leahy's only prior involvement in the case occurred on November 9, 1981, when he continued defendant's motion to suppress evidence and vacated the trial date which had previously been set.

Blackman, should have filed a number of motions suggested by defendant, but had declined to do so. Judge Leahy asked defendant to summarize his position on the matter, and defendant described in considerable detail the various motions which he believed that his trial counsel should have made. Defendant expressed particular concern over the fact that his attorney had not sought an evidentiary hearing to determine whether there was probable cause for defendant's arrest and then moved for dismissal on the ground that defendant was being subjected to discriminatory prosecution based upon false statements by witnesses.

Attorney Blackman responded to this charge by stating that he knew of no other way to reach these issues than by means of a motion to suppress evidence, which he had already filed. In response to a question by the trial court, Attorney Blackman then expressed his willingness to discuss all of the motions which defendant had asked him to make. Attorney Blackman then described in great detail all of the motions which defendant had mentioned in his letter of July 22, 1982, as well as certain additional motions which defendant had orally discussed with Blackman. At no time did Mr. Blackman attempt to contradict defendant's claim that he had asked Blackman to make numerous motions. Instead, Mr. Blackman readily acknowledged that this was the case, and stated only that he had made every effort to comply with defendant's requests and had failed to do so only in instances where, in his opinion as an attorney, there was no legal precedent for the relief sought.

The trial court expressed its agreement with Mr. Blackman's analysis of the situation and his unwillingness to file motions which were frivolous and would only have been summarily denied. Judge Leahy also stated that he considered Mr. Blackman an extremely capable criminal lawyer and informed defendant that "I have not heard anything that even remotely suggests that your counsel is incompetent." The court therefore denied defendant's motion to relieve Mr. Blackman as defense counsel. When defendant then indicated that he wished to represent himself, Judge Leahy ordered the case continued to August 3, 1982, in order to rule on that request.

At the commencement of the August 3 hearing, Judge Leahy stated that the purpose of the hearing was to rule on various pretrial motions including, among other things, defendant's request to be allowed to represent himself. Defendant promptly stated that he would like to "make a motion for a 170.6 . . . ." The court informed defendant that it would first determine whether to grant him in propria persona status and that, in the event it granted that request, defendant could then address the court on the Code of Civil Procedure section 170.6 motion. Judge Leahy then engaged in an extended inquiry into defendant's qualifications to act as his own attorney, and he

also warned defendant of the disadvantages of self-representation. Defendant informed the court that his education consisted of General Educational Development (GED) and some credits which he had earned at City College. The court announced its conclusion that defendant was mentally competent, intelligent, literate and able to do legal research. Judge Leahy ruled, therefore, that defendant would be allowed to represent himself. The judge then broached the subject of defendant's section 170.6 motion and asked defendant, "are you requesting that I disqualify myself?" When defendant replied in the affirmative, Judge Leahy stated, "All right. You're [*sic*] request is denied. It is untimely. And it is for that reason that it is denied." The court then promptly changed the subject and began discussing various defense motions.

Judge Leahy presided at defendant's trial, which commenced on December 1, 1982.

Defendant contends that Judge Leahy improperly refused to recuse himself from the case when defendant moved to disqualify him under Code of Civil Procedure section 170.6; hence that all further proceedings in the case were null and void and the judgment of conviction must be reversed. We have concluded that defendant's position is sound.

Code of Civil Procedure section 170.6 provides that a party or his attorney may move to peremptorily disqualify a judge and that such a motion must be supported by an affidavit or declaration under penalty of perjury or by an oral statement under oath that the judge in question is prejudiced against the party or his attorney so that the party or attorney cannot, or believes that he cannot, have a fair and impartial trial or hearing before the judge.

█ It has been held that, in enacting Code of Civil Procedure section 170.6, the Legislature guaranteed to litigants an extraordinary right to disqualify a judge and that the right is "automatic" in the sense that a good faith belief in prejudice is alone sufficient and that no showing of actual prejudice is required. (*Solberg* v. *Superior Court* (1977) 19 Cal.3d 182, 193 [137 Cal.Rptr. 460, 561 P.2d 1148]; *McCartney* v. *Commission on Judicial Qualifications* (1974) 12 Cal.3d 512, 531 [116 Cal.Rptr. 260, 526 P.2d 268]; *Journey* v. *Superior Court* (1975) 47 Cal.App.3d 408, 410-411 [120 Cal.Rptr. 897].) Once such a motion is timely and properly made, the judge so challenged has no choice but to recuse himself forthwith. (*Solberg* v. *Superior Court, supra,* at p. 187; *People* v. *Superior Court (Hall)* (1984) 160 Cal.App.3d 1081, 1083 [207 Cal.Rptr. 131]; *In re Abdul Y.* (1982) 130 Cal.App.3d 847, 854 [182 Cal.Rptr. 146]; *Journey* v. *Superior Court, supra,* at p. 411.) The judge immediately loses jurisdiction and all his subsequent

orders and judgments are void. (*In re Abdul Y., supra,* at p. 855; *In re Jose S.* (1978) 78 Cal.App.3d 619, 628 [144 Cal.Rptr. 309].)

In this instance, the Attorney General claims that defendant's motion to disqualify Judge Leahy under Code of Civil Procedure section 170.6 was properly denied for two reasons: (1) the motion was untimely because Judge Leahy had already presided at the *Marsden* hearing held on July 26, 1982, and had allegedly determined a contested issue of fact relating to the merits of the case when he declined to discharge defendant's present trial counsel for incompetence; and (2) defendant's motion was defective in form because it failed to comply with the requirement of Code of Civil Procedure section 170.6 that it be supported by an affidavit, declaration under penalty of perjury or oral statement under oath. We are not persuaded.

■ The Attorney General is correct in his assertion that a motion under Code of Civil Procedure section 170.6 may not be addressed to a judge who has already ruled upon a contested fact issue relating to the merits of the case. (Code Civ. Proc., § 170.6, subd. (2); *In re Abdul Y., supra,* 130 Cal.App.3d 847, 857-861.) However, we disagree that the *Marsden* hearing involved any such issue. First of all, there was no contested question of fact at that hearing. Defendant described the various motions which he had asked attorney Blackman to make on his behalf, and Mr. Blackman readily agreed with this statement by defendant. In fact, Mr. Blackman described a few additional motions which defendant had asked Blackman to make during oral discussions between the two men. Mr. Blackman then explained to the court exactly which motions he had made and which he had not and gave his reasons for concluding that there was no legal basis for certain proceedings which defendant had asked Blackman to undertake. The only issue before the trial court, therefore, was clearly one of law rather than fact: whether Attorney Blackman had been guilty of incompetence in failing to make all of the various motions suggested by defendant.

Even if it could be assumed, for purposes of argument, that the trial court did decide any sort of factual issue (which we are at a loss to identify) at the *Marsden* hearing, the sole question before the trial court at that hearing had nothing to do with the *merits* of defendant's case. A variety of pretrial motions have been found to be of such a nature as not to involve a determination which would prohibit the judge who decided those motions from subsequently being disqualified under Code of Civil Procedure section 170.6. (See *People* v. *Montalvo* (1981) 117 Cal.App.3d 790, 795-796 [173 Cal.Rptr. 51], and cases therein cited.) For instance, this court held that a trial judge who had denied a motion to set aside an indictment for lack of probable cause (Pen. Code, § 995) was still subject to disqualification under Code of Civil Procedure section 170.6. (*Kohn* v. *Superior Court* (1966) 239

Cal.App.2d 428, 431 [48 Cal.Rptr. 832].) In that case, we aptly observed, "It is not enough that a judge make a determination which *relates to contested fact issues*. He must have actually resolved or determined conflicting factual contentions relating to the merits prior to trial before the right to disqualify is lost." (*Id.*, at p. 431.)

In this instance, defendant's *Marsden* hearing did not resolve any contested factual issue relating to the merits of defendant's case, but presented the sole question of whether defendant was receiving competent representation from his current trial counsel. Therefore, we must conclude that Judge Leahy's ruling at the *Marsden* hearing did not render defendant's subsequent Code of Civil Procedure section 170.6 motion untimely.

▮ Likewise, we can find no merit to the Attorney General's claim that the section 170.6 motion was correctly denied because it was technically defective in form. In *People* v. *St. Andrew* (1980) 101 Cal.App.3d 450, 456 [161 Cal.Rptr. 634], defense counsel made an oral motion to disqualify the trial judge under section 170.6 on the ground that defense counsel was informed and believed that the judge would be prejudiced against his client. When the motion was denied without comment, defense counsel repeated the challenge, prefacing his remarks with the statement that he was making a declaration under penalty of perjury. (*Id.*, at p. 456.) The motion was again denied, and defense counsel's request for an explanation of the basis for denial was denied by the court. (*Ibid.*) The defendant was then tried and convicted before the judge whom defense counsel had sought to disqualify. (*Ibid.*)

While acknowledging the fact that defense counsel's motion was technically defective because he had not made it under oath, the appellate court held that the trial court should have furnished defense counsel with some guidance when it became evident that he was unfamiliar with the procedural requirements for a Code of Civil Procedure section 170.6 motion. (*People* v. *St. Andrew, supra,* 101 Cal.App.3d 450, 466-467.) "For a trial court to remain silent in the face of an obviously inept attempt on behalf of a criminal defendant to assert a right created by the Legislature, when a simple statement of the procedural requirement would presumably have cured the defect on the spot and without prejudice to the interests of any party, constitutes, under the circumstances of this case, an unwarranted abdication of the judicial role." (*Id.,* at p. 457.)

In *Retes* v. *Superior Court* (1981) 122 Cal.App.3d 799, 807 [176 Cal.Rptr. 160], this court applied the reasoning of the *St. Andrew* case in a slightly different context. The *Retes* case involved a situation where the petitioner's trial counsel had inadvertently failed to sign a declaration in support of his

Code of Civil Procedure section 170.6 motion. (*Id.,* at p. 807.) When this omission was pointed out by the trial court, counsel promptly offered and attempted to correct the oversight, but the judge refused to permit the correction. (*Ibid.*) This court held that the petitioner's important right to exercise his challenge under section 170.6 should not have been defeated by a failure to comply with the formality and that petitioner's trial counsel should have been permitted to sign the declaration in open court. (*Ibid.*) We further held that when the trial judge improperly failed to disqualify himself, all his subsequent actions, orders and judgments were null and void. (*Ibid.*)

In this instance, defendant announced his intention to make a Code of Civil Procedure section 170.6 motion at the very commencement of the August 3 hearing. The trial court stated that it would first rule upon defendant's motion to represent himself and would then deal with the section 170.6 motion. After Judge Leahy had ruled that defendant could represent himself, the judge asked defendant whether he wanted the judge to disqualify himself. When defendant replied that he did, Judge Leahy denied the motion on the incorrect ground that it was untimely and immediately began discussing other matters. Defendant was given no opportunity to state under oath or file an affidavit that he held the good faith belief that Judge Leahy was prejudiced against him.

We must conclude that since Judge Leahy improperly failed to disqualify himself in the face of defendant's Code of Civil Procedure section 170.6 challenge, all of his subsequent actions were null and void and defendant's judgment of conviction must be reversed.

The judgment is reversed.

Kline, P. J., and Smith, J., concurred.

A petition for a rehearing was denied August 8, 1986, and the opinion was modified to read as printed above.