[No. A033484. First Dist., Div. Three. Apr. 28, 1988.]

THE PEOPLE, Plaintiff and Respondent, v.
CHRISTOPHER BONDS et al., Defendants and Appellants.

COUNSEL

Leslie Soroch O'Donnell and Manuel E. Nestle, under appointments by the Court of Appeal, for Defendants and Appellants.

John K. Van de Kamp, Attorney General, and Matthew P. Boyle, Deputy Attorney General, for Plaintiff and Respondent.

OPINION

MERRILL, J.—Christopher Bonds and Douglas Stanford appeal from judgments entered against them on jury convictions for drug-related felonies. Because of error on the part of the trial judge in improperly denying the appellants' peremptory challenge under Code of Civil Procedure section 170.6, we have concluded that the judgment must be reversed.

On May 17, 1985, the Alameda County District Attorney filed an information charging appellants Bonds and Stanford in the first count with a violation of Health and Safety Code section 11352, selling cocaine. Bonds was further charged with an enhancement pursuant to Penal Code section

12022.1 of having committed the offense while released from custody on bail pending trial for an earlier felony offense. In addition, Bonds was charged in the second count of the information, as amended, with a violation of section 11351 of the Health and Safety Code, possession of cocaine for sale.

On October 11, 1985, appellants' case was assigned from the Master Calendar Department of the Alameda County Superior Court to Department Six, the department in which Judge Richard A. Haugner regularly presided. In assigning the case the judge supervising the master calendar did not state the name of the judge sitting in Department Six. Counsel for appellant Bonds asked the master calendar department clerk the identity of the judge in Department Six; he was told that it was Judge Haugner. When appellants and their attorneys arrived at Department Six for trial, however, they learned that Judge Haugner had been temporarily replaced by Judge Thomas McBride, sitting on assignment in Alameda County by order of the Chief Justice, and that Judge McBride would be hearing the case. Upon learning this, the attorneys immediately conferred with their clients and with each other. Before any proceedings took place in the matter other than preliminary discussions, and within one-half hour of arriving at the department, counsel requested that the case be sent back to the master calendar department so that their clients could exercise a peremptory challenge pursuant to Code of Civil Procedure section 170.6. Judge McBride denied the request.

Subsequently, appellants filed formal declarations pursuant to Code of Civil Procedure section 170.6, stating that Judge McBride was prejudiced against them or their attorneys, and that they believed that they could not have a fair and impartial trial. Appellants argued that they should have been allowed to proceed with their peremptory challenges, based on the fact that they had been misinformed in the master calendar department about the actual identity of the trial judge sitting in the department to which their case was assigned. Judge McBride again denied the motion.

After a four-day trial, the jury found appellants guilty on all counts; they were sentenced to state prison. This appeal followed. Both appellants contend that the trial court's denial of their motion pursuant to Code of Civil Procedure section 170.6 constituted reversible error.

Code of Civil Procedure section 170.6 provides in pertinent part that any party or that party's attorney may move to peremptorily disqualify a judge. Such a motion must be supported by an affidavit or declaration under penalty of perjury or by an oral statement under oath that the judge in question is prejudiced against the party or the party's attorney so that the

party or attorney cannot, or believes that he or she cannot, have a fair and impartial trial or hearing before the judge. (Code Civ. Proc., § 170.6, subd. (2).) The statute specifically states that "[i]f directed to the trial of a cause where there is a master calendar, the motion shall be made to the judge supervising the master calendar not later than the time the cause is assigned for trial. . . . In no event shall any judge . . . entertain such motion if it be made after the drawing of the name of the first juror . . . . The fact that a judge . . . has presided at or acted in connection with a pretrial conference or other hearing, proceeding or motion prior to trial and not involving a determination of contested fact issues relating to the merits shall not preclude the later making of the motion provided for herein at the time and in the manner hereinbefore provided." If such a motion is duly presented, the statute states that "thereupon and without any further act or proof, the judge supervising the master calendar, if any, *shall* assign some other judge . . . to try the cause or hear the matter." (Code Civ. Proc., § 170.6, subd. (3), italics added.)

■ Code of Civil Procedure section 170.6 has consistently been interpreted by the courts as a guarantee to litigants of the extraordinary right to disqualify a judge. The right is "automatic" in the sense that a good faith belief in prejudice is sufficient; no showing of actual prejudice is required. (*Solberg* v. *Superior Court* (1977) 19 Cal.3d 182, 193 [137 Cal.Rptr. 460, 561 P.2d 1148]; *McCartney* v. *Commission on Judicial Qualifications* (1974) 12 Cal.3d 512, 531 [116 Cal.Rptr. 260, 526 P.2d 268], overruled on other grounds, *Spruance* v. *Commission on Judicial Qualifications* (1975) 13 Cal.3d 778, 799, fn. 18 [119 Cal.Rptr. 841, 532 P.2d 1209]; *People* v. *Whitfield* (1986) 183 Cal.App.3d 299, 303 [228 Cal.Rptr. 82].) Once such a motion is timely and properly made, the judge so challenged has no choice but to recuse himself or herself forthwith. (*Solberg* v. *Superior Court, supra,* 19 Cal.3d at p. 187; *People* v. *Superior Court (Hall)* (1984) 160 Cal.App.3d 1081, 1083 [207 Cal.Rptr. 131]; *In re Abdul Y.* (1982) 130 Cal.App.3d 847, 854 [182 Cal.Rptr. 146].) The judge immediately loses jurisdiction, and all his subsequent orders and judgments are void. (*People* v. *Whitfield, supra,* 183 Cal.App.3d at pp. 303-304; *In re Abdul Y., supra,* 130 Cal.App.3d at p. 855; *In re Jose S.* (1978) 78 Cal.App.3d 619, 628 [144 Cal.Rptr. 309].)

■ The respondent asserts that the appellants' motion to disqualify Judge McBride under Code of Civil Procedure section 170.6 was properly denied on the grounds of untimeliness, because they failed to exercise their peremptory challenge at the time of assignment for trial in the master calendar department, and did not make a motion to Judge McBride until 10 a.m., one-half hour after they arrived in his department at approximately 9:30 a.m. We disagree with this assertion.

In the instant case, although the appellants failed to make their peremptory challenge at the time their case was assigned in the master calendar department, this was not due to any dilatoriness on the part of the appellants or their attorneys. The master calendar judge failed to state the name of the judge to which the case was assigned. Counsel for appellants inquired of the clerk in the master calendar department the identity of the judge sitting in the department to which the case was assigned, and were told that it was Judge Haugner. It was not until they arrived at Department Six that counsel discovered that Judge McBride and not Judge Haugner would be presiding. Counsel requested some time to confer with their clients and with each other, and then immediately moved that the matter be sent back to Department One for the purposes of making a peremptory challenge.

This is reflected in the record for October 11, 1985, the first day of trial. Counsel for appellant Bonds asked Judge McBride to send the case back to Department One, the master calendar department, for reassignment, on the grounds that the clerk in Department One had misinformed him about the identity of the judge who would be sitting on the case. This version of events was confirmed by the attorney for appellant Stanford, who joined in the motion, and was not challenged by the People.[1]

---

[1] The trial transcript for Friday, October 11, 1985, begins as follows:

"THE COURT: We're on the record at this time in Action Number 81511, People of the State of California against Christopher Bonds and Douglas Stanford. The presence of the defendants, if they're here, would they come forward and take their seats at the bar. Which of these men is Mr. Bonds?

"MR. SWENSON: The gentleman standing.

"THE COURT: And the other man, are you Douglas Stanford?

"MR. HETHERINGTON: Yes.

"THE COURT: All right. The record may reflect the presence of the two defendants with their respective counsel, Mr. Erik Swenson representing Mr. Bonds.

"MR. HETHERINGTON: Mr. John Hetherington representing Mr. Stanford.

"THE COURT: The People being represented by Deputy District Attorney Roy Hashimoto. Mr. Swenson?

"MR. SWENSON: Yes, I'm going to ask the Court to send the matter back to Department One for this reason. After conferring with my client, and I believe Mr. Hetherington has done the same with his client, it appears that my client may have a motion with respect to the assignment.

"THE COURT: A motion?

"MR. SWENSON: He may have a motion, which I believe should be made in Department One.

"THE COURT: Respecting what?

"MR. SWENSON: The assignment of the case to this department.

"THE COURT: In what respect?

"MR. SWENSON: Under section 170.6.

"THE COURT: I think it comes late. Am I right, the case has been assigned out. The time it was assigned was the time for any such motion to be made.

"MR. HASHIMOTO: I would concur. However, I think counsel counsel [sic] says he has an argument in reference—he thought it was Judge Haugner.

"THE COURT: What?

In *People* v. *Montalvo* (1981) 117 Cal.App.3d 790 [173 Cal.Rptr. 51], the Court of Appeal held that the trial court erred in denying a motion to disqualify under Code of Civil Procedure section 170.6 on grounds of untimeliness. In that case, neither the defendant nor his attorney was present in the master calendar department at the time the matter was assigned out for trial. The defendant's counsel moved to peremptorily disqualify the trial judge under Code of Civil Procedure section 170.6 only after appearing in court, conferring with the judge and the district attorney in chambers for one and one-half hours about a possible plea bargain, and moving to disqualify the trial judge for prejudice under a separate section of the Code of Civil Procedure. (*Id.,* at p. 793.)

In reversing the judgment the *Montalvo* court held that the "facts compel the conclusion that appellant was not required to challenge the assignment of the case to [the trial judge] in the master calendar department. [Code of Civil Procedure] [s]ection 170.6 cannot be interpreted to require the filing of an affidavit of prejudice before the identity of the trial judge is known to the affiant. [Citation.]" (*Id.,* at p. 794.) The court went on to hold that even though the defendant and his counsel had discussed a possible plea bargain with the trial judge in chambers prior to seeking peremptory disqualification, this fact did not defeat the motion. A plea-bargaining conference in chambers does not involve the determination or resolution of any factual conflict, even though conflicting versions of facts might be heard and evaluated by the trial judge. Code of Civil Procedure section 170.6 specifically provides that "[t]he fact that a judge, . . . has presided at or acted in connection with a pretrial conference or other hearing, proceeding or motion prior to trial and *not involving a determination of contested fact issues relating to the merits* shall not preclude the later making of" a peremptory

"MR. HASHIMOTO: I believe Mr. Swenson said he thought Judge Haugner was sitting here.
"THE COURT: That's his mistake, not mine.
"MR. SWENSON: I was misinformed in Department One. I did ask the clerk who was sitting, and the clerk informed me Judge Haugner, and it was on that basis that I came up here.
"THE COURT: You certainly had a chance to investigate. You were up here early enough.
"MR. SWENSON: This is one reason why I was surprised that I asked to have a word with counsel and with my client and I believe the clerk will confirm that.
"THE COURT: I don't care what the clerk will confirm. As far as I'm concerned, the case is here for trial. The motion is denied.
"MR. SWENSON: Is the Court clear that my request, initially, is that the case be sent back to Department One.
"THE COURT: I understand what your motion is. It is not timely. This is the time set for trial. I gave you about half an hour in which to discuss the matter with other counsel.
"MR. SWENSON: Perhaps Mr. Hashimoto will indicate he was gone for part of this time. I was going to address the Court. We noticed he was not here.
"THE COURT: About five minutes. Mr. Hashimoto, what do you say? I'm not inclined to do anything of this kind. This matter is here for trial.
"MR. HASHIMOTO: I submit the matter to the Court, Your Honor.
"THE COURT: All right. Motion is denied. Call the jury."

disqualification motion. (Code Civ. Proc., § 170.6, subd. (2), italics added.) The *Montalvo* court concluded, "[t]herefore, the motion to disqualify [the trial judge] was timely. It was made prior to the commencement of trial [citation] and after a pretrial proceeding not involving the determination of a contested fact issue relating to the merits of the case. [¶] '[I]f the motion is timely and in proper form, immediate disqualification is mandatory. The judge must recuse himself without further proof and the cause must be reassigned to another judge. [Citation.]' [Citation.] [¶] Since [the trial judge] had been disqualified, all further rulings by him were void." (*Id.,* at p. 796; see also, *Augustyn* v. *Superior Court* (1986) 186 Cal.App.3d 1221, 1228-1229 [231 Cal.Rptr. 298] ["[T]o be consistent with . . . the master calendar exception, the all purpose assignment should . . . be challenged at the earliest reasonable opportunity, namely, when the judge's identity is known"].)

Under the facts presented by this case, we cannot agree with the trial judge and respondent that appellants' peremptory challenge was untimely. It does not appear from the record that appellants' trial attorneys were negligent in any way. To the contrary, they did everything reasonably possible both to ascertain the identity of the judge in the department to which the case had been assigned, and to challenge the sitting judge as soon as his true identity became known. Appellants should not be penalized when their attorneys were not informed of the identity of the trial judge by the judge supervising the master calendar and were given faulty information by the clerk of that department. We conclude that under the circumstances of this case the trial judge's refusal to send the cause back to the master calendar department for reassignment was erroneous, that the trial judge lost jurisdiction over the case as soon as appellants had made their timely and proper motions under Code of Civil Procedure section 170.6, and that his subsequent orders and judgments in the case were therefore void. (*People* v. *Whitfield, supra,* 183 Cal.App.3d at pp. 303-306.) The first opportunity to make an informed decision in respect to the exercise of the challenge was when the parties arrived at Department Six.

In view of our resolution of this appeal, we need not address the other issues raised by appellants.

The judgments against both defendants are reversed and the cause remanded for retrial.

White, P. J., and Barry-Deal, J., concurred.