[No. B128381. Second Dist., Div. Four. Mar. 25, 1999.]

In re EDDIE JAMES JENKINS on Habeas Corpus.

**COUNSEL**

A. William Bartz, Jr., for Petitioner.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, and Robert C. Schneider, Deputy Attorney General, for Respondent.

**OPINION**

**HASTINGS, J.**—Petitioner, Eddie James Jenkins, seeks a writ of habeas corpus on the ground that he was denied effective assistance of counsel because his trial attorney failed to review the case file and discover that a Code of Civil Procedure section 170.6 peremptory challenge had previously been filed against the trial judge who ultimately tried the case. Because we conclude that the judgment is void, we grant the petition and direct the trial court to conduct a new trial.

## FACTS

Petitioner was charged with second degree commercial·burglary (Pen. Code, § 459) and receiving stolen property (Pen. Code, § 496, subd. (a)). Additionally, it was alleged that he had suffered six prior convictions each of which qualify as "strikes" pursuant to Penal Code section 1170.12, subdivisions (a) through (d). The alternate public defender's office was appointed to represent petitioner at his arraignment in the superior court. Cheryl Lacour of that office appeared on behalf of petitioner.

On April 3, 1998, the matter was called for trial in department South E, presided over by Judge Richard Romero, and was then transferred to department South K, presided over by Judge Charles D. Sheldon. On behalf of petitioner, Lacour filed a peremptory challenge against Judge Sheldon and the matter was remanded to department South E. The matter was then transferred to department South J, presided over by Judge Arthur Jean, Jr., for trial to begin on April 6, 1998.

On April 6, Judge Jean substituted Attorney Sandra Stillwater into the case as petitioner's counsel and relieved Lacour as counsel. Later that day, Judge Jean declared a mistrial and set a new pretrial date of May 14, 1998. He then transferred the matter back to department South E.

On June 25, 1998, Judge Richard W. Lyman, who was then presiding in department South J, received the matter for trial. Inexplicably, the matter was then transferred by Judge Lyman to department South K, Judge Sheldon's department. Judge Sheldon commenced a jury trial the next day. The jury acquitted petitioner of burglary but found him guilty of receiving stolen property. Judge Sheldon sentenced Jenkins to 25 years to life pursuant to the "Three Strikes" sentencing scheme. Petitioner, in propria persona, filed a notice of appeal.[1]

On December 31, 1998, Jenkins filed with us a petition for a writ of habeas corpus. He asserts that he was deprived of his right to effective assistance of counsel by reason of Stillwater's failure to discover and timely assert the peremptory challenge filed against Judge Sheldon. In support of the petition, Stillwater declares that when she was initially appointed she did not receive a copy of the peremptory challenge and she did not review the trial court's file because it was represented to her that she had received all discovery which had been requested. She declared that if she had been aware of the peremptory challenge she would have asserted it on behalf of petitioner.

---

[1]The record on appeal has been filed and we take judicial notice of its contents. (Evid. Code, § 452, subd. (b).)

We issued an order to show cause requesting a return from the respondent "why this court should not issue an order vacating the judgment of conviction . . . because the judge presiding at trial was disqualified from the action and directing a new trial before a qualified judge."

## DISCUSSION

Pursuant to subdivision (3) of Code of Civil Procedure section 170.6, if an affidavit disqualifying a judicial officer is timely filed, "thereupon and without any further act or proof," the case "shall" be assigned to another judicial officer. (Code Civ. Proc., § 170.6, subd. (3).) That is what initially occurred in this instance. However, after the mistrial was granted by Judge Jean, the matter inexplicably found its way back to Judge Sheldon's court for trial. There is nothing in the record to explain how the matter ended up back in Judge Sheldon's department without anyone noticing that Judge Sheldon had been challenged. There is also no evidence that any of the participants took part in the trial with knowledge that Judge Sheldon had been disqualified.

The pivotal issue here is whether a judgment rendered by a judge who is the subject of a timely challenge is void or voidable.

In *McCartney* v. *Commission on Judicial Qualifications* (1974) 12 Cal.3d 512 [116 Cal.Rptr. 260, 526 P.2d 268], the Supreme Court addressed the effect of a peremptory challenge. "It is well recognized that in enacting Code of Civil Procedure section 170.6 the Legislature guaranteed to litigants an extraordinary right to disqualify a judge. The right is 'automatic' in the sense that a good faith *belief* in prejudice is alone sufficient, proof of facts showing actual prejudice not being required. [Citations.] Accordingly, the rule has developed that, once an affidavit of prejudice has been filed under section 170.6, the court had no jurisdiction to hold further proceedings in the matter except to inquire into the timeliness of the affidavit or its technical sufficiency under the statute. [Citations.]" (*Id.* at pp. 531-532, overruled on another point in *Spruance* v. *Commission on Judicial Qualifications* (1975) 13 Cal.3d 778, 799, fn. 18 [119 Cal.Rptr. 841, 532 P.2d 1209].)

*McCartney* was followed and cited in *In re Jose S.* (1978) 78 Cal.App.3d 619 [144 Cal.Rptr. 309]. In *Jose S.*, counsel for Jose S. filed a timely peremptory challenge against the trial judge which was summarily denied by the same judge. The Court of Appeal concluded that the peremptory challenge was valid and stated: "The legal effect of Judge Kirk's improper refusal to recuse himself resulted in his loss of jurisdiction. The order and judgment he made therein were void. (*McCartney* v. *Commission on Judicial*

*Qualifications, supra,* 12 Cal.3d 512, 531-532; *Estate of Cuneo* [(1963)] 214 Cal.App.2d 381, 386 [29 Cal.Rptr. 497].) This error requires reversal of the judgment." (*In re Jose S., supra,* 78 Cal.App.3d at p. 628.)

*Jose S.* was followed by *In re Abdul Y.* (1982) 130 Cal.App.3d 847 [182 Cal.Rptr. 146], which cited *Jose S.* for the proposition that "[o]nce properly and timely challenged, the judge loses jurisdiction to proceed and all his subsequent orders and judgments are void. [Citation.]" (*Id.* at p. 855; see also *People* v. *Whitfield* (1986) 183 Cal.App.3d 299, 303-304 [228 Cal.Rptr. 82].)

Respondent cites *People* v. *Hull* (1991) 1 Cal.4th 266 [2 Cal.Rptr.2d 526, 820 P.2d 1036] for the proposition that "[t]o allow petitioner to fail to assert his rights under section 170.6 until after he was convicted would allow him a 'second bite at the apple' and result in an 'intolerable windfall.' " That is the holding of *People* v. *Hull,* but under a factual scenario different than ours. In *Hull,* the appellant filed a Code of Civil Procedure section 170.6 challenge which was rejected by the trial judge as untimely. After the appellant's conviction, she appealed and argued that the trial court erred in rejecting her peremptory challenge. The Supreme Court rejected the appeal and concluded that section 170.3 provides that the exclusive means of review available for an unsuccessful peremptory challenge is by writ of mandate. Here, the peremptory challenge filed against Judge Sheldon was not rejected. Rather, the matter was appropriately reassigned to another judge who ultimately declared a mistrial and returned the case to the master calendar department.

Respondent also cites and quotes from *In re Christian J.* (1984) 155 Cal.App.3d 276 [202 Cal.Rptr. 54]: "Although the cases frequently refer to the subsequent orders or judgment of a disqualified judge as absolutely void for lack of jurisdiction and thus open to attack at any time prior to final judgment [citations], it is clear that the right to urge the disqualification of a judge for most causes under section 170 and peremptorily under section 170.6 may be waived by the parties. [Citations.] Consequently, the actions of a disqualified judge are not void in any fundamental sense but at most voidable if properly raised by an interested party." (*Id.* at p. 280.)

*In re Christian J.* is distinguishable from the facts here. There, it was the prosecutor who filed a peremptory challenge against the trial judge. At the hearing to determine whether the disqualification was valid or not, the minor expressed satisfaction with the trial judge. The disqualified judge denied the challenge and the minor took part in the trial with full knowledge of what had occurred. The Court of Appeal concluded: "Since the minor did not

tender a peremptory challenge to Judge Vandergrift and at all times acquiesced in his exercise of jurisdiction, the minor has waived the right on appeal to contest the qualification of the judge to sit in the case. A great potential for abuse would exist if the minor, as an ostensibly uninterested party, could lie in wait until the trial concludes, speculating on the outcome, and then seek to overturn an adverse judgment by turning *against* the People the trial court's error in denying *the People's* peremptory challenge." (155 Cal.App.3d at p. 278.)

Here, the evidence is uncontradicted that everyone proceeded to trial before Judge Sheldon without knowledge that the peremptory challenge had been filed against him. Accordingly, no waiver occurred and all orders and judgments rendered by Judge Sheldon are void.

### DISPOSITION

The petition is granted and the trial court is directed to conduct a new trial.

Epstein, Acting P. J., and Curry, J., concurred.

A petition for a rehearing was denied April 13, 1999, and respondent's petition for review by the Supreme Court was denied July 14, 1999.