[No. C030752. Third Dist. Dec. 10, 1999.]

JAMES SCOTT BARRETT, Petitioner, v.
THE SUPERIOR COURT OF YOLO COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

## COUNSEL

Hayes H. Gable III for Petitioner.

No appearance for Respondent.

Daniel E. Lungren and Bill Lockyer, Attorneys General, George Williamson and David P. Druliner, Chief Assistant Attorneys General, and Clayton S. Tanaka, Deputy Attorney General, for Real Party in Interest.

## OPINION

**SCOTLAND, P. J.**—Petitioner James Scott Barrett seeks a writ of mandate directing respondent Yolo County Superior Court to vacate its order disallowing a peremptory challenge (Code Civ. Proc., § 170.6) to the Honorable Timothy L. Fall. (Further section references are to the Code of Civil Procedure unless specified otherwise.) Petitioner contends, and the People concede, Judge Fall erred in denying the challenge on the ground that it was untimely because Judge Fall had presided at petitioner's preliminary hearing. We shall issue a peremptory writ of mandate.

BACKGROUND

Petitioner was charged with vehicular manslaughter (Pen. Code, § 191.5, subd. (a)) and driving under the influence of alcohol (DUI) causing injury with two or more prior violations of Vehicle Code section 23152, subdivision (a) (Veh. Code, §§ 23153, subds. (a), (b), 23190, subd. (a)). The complaint further alleged that petitioner inflicted great bodily injury upon four victims within the meaning of Penal Code section 12022.7, subdivision (a) and proximately caused bodily injury to multiple victims (Veh. Code, former § 23182).

On January 21 and 22, 1998, a preliminary hearing was conducted before Judge Fall. The People presented evidence that, despite rainy weather and signs warning of flooding on the road, defendant drove his car at an excessive rate of speed for the conditions and caused an accident that killed one person and inflicted great bodily injury upon three others. Approximately two hours after the accident, defendant had a blood-alcohol level of .13; he also had two prior DUI convictions. At the conclusion of the hearing, petitioner was held to answer on all counts alleged in the complaint. Thereafter, the District Attorney of Yolo County filed an information charging petitioner with those offenses.

On or about September 4, 1998, Judge Fall was assigned to hear petitioner's nonstatutory motion to dismiss the information. On September 8, 1998, petitioner moved pursuant to section 170.6 to disqualify Judge Fall from hearing the matter.

Judge Fall denied the motion, but the parties did not receive notice of the ruling until October 1, 1998, at the hearing on the motion to dismiss. In denying the motion, Judge Fall stated: "My understanding of the cases, including *People v. DeJesus* [(1995) 38 Cal.App.4th 1 [44 Cal.Rptr.2d 796]], which has some dicta about preliminary hearings and [section] 170.6, there's nothing showing that I am subject to a [section] 170.6 after I've done a preliminary hearing. Reasonable minds can differ on what the cases mean, but that's my interpretation of them. And because Section 170 says I'm supposed to take every case that appears in court unless disqualified, I try to be careful to make sure I don't go shunning off cases if I'm not disqualified for them. I think that's the situation here, so I was planning to do the hearing on October 5th."

## DISCUSSION

Section 170.6 permits a party to obtain the disqualification of a judge for prejudice, upon a sworn statement, without being required to establish it as a fact to the satisfaction of a judicial body. (*Solberg v. Superior Court* (1977) 19 Cal.3d 182, 193 [137 Cal.Rptr. 460, 561 P.2d 1148]; *People v. Superior Court (Williams)* (1992) 8 Cal.App.4th 688, 697 [10 Cal.Rptr.2d 873].)[1]

Where a disqualification motion is timely filed and in proper form, the trial court is bound to accept it without further inquiry. (*People v. Superior*

---

[1]Section 170.6 states in pertinent part: "(1) No judge, court commissioner, or referee of any superior, municipal or justice court of the State of California shall try any civil or criminal action or special proceeding of any kind or character nor hear any matter therein which involves a contested issue of law or fact when it shall be established as hereinafter provided that the judge or court commissioner is prejudiced against any party or attorney or the interest of any party or attorney appearing in the action or proceeding. [¶] (2) Any party to or any

*Court* (*Williams*), *supra*, 8 Cal.App.4th at p. 699; *People v. Whitfield* (1986) 183 Cal.App.3d 299, 304 [228 Cal.Rptr. 82]; *Bambula v. Superior Court* (1985) 174 Cal.App.3d 653, 658 [220 Cal.Rptr. 223].)

█  Section 170.6, subdivision (2) sets forth the time limits for a disqualification motion, one of which is the motion may not be made after a hearing at which the challenged judge determined contested fact issues relating to the merits of the case.[2]

"It is not enough that a judge make a determination which relates to contested fact issues. He must have actually resolved or determined conflicting factual contentions relating to the merits prior to trial before the right to disqualify is lost." (*Kohn v. Superior Court* (1966) 239 Cal.App.2d 428, 431 [48 Cal.Rptr. 832], italics omitted; accord, *Landmark Holding Group, Inc. v. Superior Court* (1987) 193 Cal.App.3d 525, 527 [238 Cal.Rptr. 475].)

Judge Fall denied petitioner's motion under section 170.6 on the ground that a peremptory challenge was not available after he had presided at petitioner's preliminary hearing. In other words, he concluded the motion was untimely because petitioner's preliminary hearing involved a determination of contested fact issues relating to the merits of the case.

---

attorney appearing in any such action or proceeding may establish this prejudice by an oral or written motion without notice supported by affidavit or declaration under penalty of perjury or an oral statement under oath that the judge, court commissioner, or referee before whom the action or proceeding is pending or to whom it is assigned is prejudiced against any such party or attorney or the interest of the party or attorney so that the party or attorney cannot or believes that he or she cannot have a fair and impartial trial or hearing before the judge, court commissioner, or referee."

[2]Section 170.6, subdivision (2) provides in pertinent part: "Where the judge, other than a judge assigned to the case for all purposes, court commissioner, or referee assigned to or who is scheduled to try the cause or hear the matter is known at least 10 days before the date set for trial or hearing, the motion shall be made at least five days before that date. If directed to the trial of a cause where there is a master calendar, the motion shall be made to the judge supervising the master calendar not later than the time the cause is assigned for trial. If directed to the trial of a cause which has been assigned to a judge for all purposes, the motion shall be made to the assigned judge or to the presiding judge by a party within 10 days after notice of the all purpose assignment, or if the party has not yet appeared in the action, then within 10 days after the appearance. If the court in which the action is pending is authorized to have no more than one judge and the motion claims that the duly elected or appointed judge of that court is prejudiced, the motion shall be made before the expiration of 30 days from the date of the first appearance in the action of the party who is making the motion or whose attorney is making the motion. . . . *If the motion is directed to a hearing (other than the trial of a cause), the motion shall be made not later than the commencement of the hearing. In the case of trials or hearings not herein specifically provided for, the procedure herein specified shall be followed as nearly as may be. The fact that a judge, court commissioner, or referee has presided at or acted in connection with a pretrial conference or other hearing, proceeding or motion prior to trial and not involving a determination of contested fact issues relating to the merits shall not preclude the later making of the motion provided for herein at the time and in the manner hereinbefore provided.*" (Italics added.)

In so ruling, Judge Fall disregarded as dicta language in *People v. DeJesus* (1995) 38 Cal.App.4th 1 [44 Cal.Rptr.2d 796] (hereafter *DeJesus*), indicating that a section 170.6 challenge may be made following a preliminary hearing against the judge presiding at the hearing. (38 Cal.App.4th at p. 17.)

*DeJesus* rejected a contention that it is impermissible as a matter of law for a judge to conduct both the preliminary hearing and trial regardless of any actual impropriety or the appearance of impropriety. (*DeJesus, supra*, 38 Cal.App.4th at p. 14.) The defendants, who had not exercised a challenge under section 170.6, agreed that the judge had made no evidentiary rulings which he would have to revisit at trial and that there was no basis to disqualify the judge other than the fact he had conducted the preliminary hearing. (38 Cal.App.4th at pp. 13, 17.) *DeJesus* concluded ". . . there is no inherent prejudice resulting from the fact a judge has presided over a preliminary hearing which would automatically disqualify that judge from presiding over the subsequent trial." (*Id.* at p. 17.) Rather than a blanket prohibition in all cases against a judge presiding over both the preliminary hearing and trial, the appropriate remedy for any perceived bias is for counsel to avail themselves of the procedures for recusal afforded by section 170.1 or 170.6. (38 Cal.App.4th at pp. 16-17.)

Although *DeJesus* was not called upon to decide expressly whether a section 170.6 motion may be brought after a judge has conducted a preliminary hearing, its dicta to this effect is sound.

█ The magistrate is called upon only to determine whether the factual showing is sufficient to establish probable cause to believe the defendant committed a felony. (*People v. Slaughter* (1984) 35 Cal.3d 629, 636-637 [200 Cal.Rptr. 448, 677 P.2d 854]; Pen. Code, § 866, subd. (b).) " 'Within the framework of his limited role, . . . the magistrate may weigh the evidence, resolve conflicts, and give or withhold credence to particular witnesses. [Citation.] In other words, in assisting him in his determination of "sufficient cause," the magistrate is entitled to perform adjudicatory functions akin to the functions of a trial judge. Yet the proceeding is not a trial, and if the magistrate forms a personal opinion regarding the guilt or innocence of the accused, that opinion is of no legal significance whatever in view of the limited nature of the proceedings.' " (*People v. Slaughter, supra*, at p. 637.)

"In short, the magistrate is not a trier of fact. He does not decide whether defendant committed the crime, but only whether there is ' "some rational

ground for assuming the possibility that an offense has been committed and the accused is guilty of it." ' . . . If the record shows strong and credible evidence of defendant's guilt, the magistrate may reasonably assume the possibility of his guilt. Thus in many cases he will not find it necessary to resolve all conflicts in the evidence, in order to find probable cause to hold the defendant for trial. The magistrate's power to decide factual disputes exists to assist him in his determination of sufficient cause . . . ; if he can determine that issue without resolving factual conflicts, he may do so." (*People v. Slaughter, supra*, 35 Cal.3d at pp. 637-638, citations and fn. omitted.)

At a typical preliminary hearing, there rarely are conflicts in the evidence to resolve. (*DeJesus, supra*, 38 Cal.App.4th at p. 15.) Generally, defense witnesses are not called, affirmative defenses are not actually litigated, and the evidentiary showing by the People usually is limited to presenting only sufficient evidence of the elements of the charged offense to hold the accused to answer. (*Ibid.*) If the magistrate binds the accused over for trial, this does not mean there has been a final determination that the prosecution witnesses are telling the truth or that the defense witnesses are not; rather, the ultimate determination of the credibility of the witnesses will lie with the jury. (*Ibid.*) Thus, in most instances, a preliminary hearing does not involve the resolution of contested fact issues.

■ Here, defendant did not move to suppress any statements or other evidence at the preliminary hearing. (*In re Abdul Y.* (1982) 130 Cal.App.3d 847, 859-860 [182 Cal.Rptr. 146] [a contested pretrial factual hearing to determine the admissibility of incriminating evidence involves a determination of contested fact issues within the meaning of section 170.6]; Pen. Code, § 1538.5, subd. (f)(1) [motion to suppress evidence may be made at the preliminary hearing].) He did not dispute the victims' injuries, his blood-alcohol level, or the fact he had prior DUI convictions as alleged in the complaint. He did not litigate any affirmative defenses.

Because Judge Fall did not resolve any contested fact issues relating to the merits of the case in determining that there was sufficient evidence to hold defendant to answer for the charges in the complaint, he erred in failing to recuse himself upon petitioner's motion under section 170.6.

DISPOSITION

Having served its purpose, the alternative writ of mandate is discharged. Let a peremptory writ of mandate issue directing respondent superior court

to vacate its order denying the peremptory challenge to the Honorable Timothy L. Fall, and to enter an order disqualifying Judge Fall from presiding in any proceedings in *People v. Barrett,* Yolo County Superior Court No. 97004510. Upon finality of this decision, the previously issued stay is vacated.

Blease, J., and Kolkey, J., concurred.