Filed 8/27/24  P. v. Ayala CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B331782 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA073260) |
| v. | |
| JORGE ALFONSO AYALA, | |
| Defendant and Appellant. | |

THE COURT:

Defendant and appellant Jorge Alfonso Ayala filed this appeal after the trial court summarily denied his petition for resentencing under Penal Code section 1172.6 (former § 1170.95)[1]

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

Effective June 30, 2022, former section 1170.95 was renumbered section 1172.6, with no substantive change.  (Stats. 2022, ch. 58, § 10.)  For simplicity, we refer to the section by its new numbering.

and petition for writ of habeas corpus. Defendant's appointed appellate counsel found no arguable issues and filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). Finding that the arguments raised by defendant in his supplemental brief lack merit, we affirm the denial of his section 1172.6 petition. We dismiss his appeal from the denial of the writ of habeas corpus.

## BACKGROUND

### I. *Facts*[2]

On January 24, 2007, Susan Swancutt (Swancutt) was on her way to purchase drugs from Jose Macias (Macias) when she came across defendant and Oscar Camilo Escobar (Escobar). (*People v. Ayala* (Dec. 22, 2010, B216952) [nonpub. opn.] (*Ayala*).) Swancutt gave defendant and Escobar a ride, dropping them off near where she was to meet Macias. (*Ibid.*) She parked, walked to the truck where Macias was waiting, and entered the vehicle. (*Ibid.*)

Defendant and Escobar "approached the [vehicle] from both sides, each holding a gun. One pointed a gun at the driver and the other at [Swancutt], ordering her into the backseat. Escobar got into the front passenger seat and [defendant] into the back, behind Macias, who was ordered to drive. Macias told the men, 'Take whatever you want[.] [T]ake the car. Just leave me.' Swancutt saw [defendant and Escobar] take a wallet and necklace from Macias." (*Ayala, supra*, B216952, fn. omitted.) Defendant and Escobar later let Swancutt out of the truck. (*Ibid.*)

---

[2] We provide these facts, drawn from this court's nonpublished opinion in defendant's direct appeal from his conviction, for context only.

Later that evening, Macias's body was discovered in a white truck at a secluded pumping station. (*Ayala*, *supra*, B216952) He "had been shot 20 times from a distance of one foot or less and died from his wounds." (*Ibid.*)

II. *Procedural History*

A. <u>Trial and sentencing</u>

In 2009, a jury found defendant guilty of the first degree murder of Macias (§ 187, subd. (a); count 1), kidnapping to commit another crime (robbery) (§ 209, subd. (b)(1); count 2), kidnapping for carjacking (§ 209.5, subd. (a); count 3), kidnapping (§ 207, subd. (a); count 4), and second degree robbery (§ 211; count 5). As to count 1, the jury found true the special circumstance allegations that the murder was committed (1) while engaged in a robbery (§ 190.2, subd. (a)(17)(A)), (2) while engaged in a kidnapping (§ 190.2, subd. (a)(17)(B)), and (3) while engaged in a carjacking (§ 190.2, subd. (a)(17)(L)). As to counts 2 through 5, the jury found true allegations that defendant personally inflicted great bodily injury. (§ 12022.7, subd. (a).) As to all counts, the jury found true allegations that a principal was armed with a handgun. (§ 12022, subd. (a)(1).)[3] Defendant admitted the allegation that, at the time of the charged offenses, he was out of custody on bail within the meaning of section 12022.1. (*Ayala*, *supra*, B216952.)

The trial court sentenced defendant to an aggregate prison term of life without the possibility of parole, plus two consecutive

---

[3]     Escobar was tried with defendant; the jury convicted Escobar of the same crimes and found true the same special circumstances and enhancements. (See *Ayala*, *supra*, B216952.) Escobar is not a party to this appeal.

3

life sentences, plus six years eight months. (*Ayala, supra,* B216952.)

B. <u>Direct appeal</u>

On direct appeal, we dismissed defendant's conviction in count 4, stayed the sentence on count 3, ordered the recalculation of court security and conviction fees, dismissed assessments under section 1464, and directed the trial court to correct the abstracts of judgment. (*Ayala, supra,* B216952.) We otherwise affirmed the judgment. (*Ibid.*)[4]

C. <u>Section 1172.6 petition; petition for writ of habeas corpus</u>

On April 3, 2023, defendant filed a petition for resentencing under section 1172.6. Defendant attached a declaration dated November 18, 2012, from Escobar stating that Escobar had "murdered Jose Macias and no one else assisted . . . ." Also on April 3, 2023, defendant filed a petition for writ of habeas corpus, seeking a hearing pursuant to *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*).[5]

---

[4] Defendant's appellate counsel filed a request asking us to take judicial notice of our file in defendant's direct appeal (B216952), including the record and our unpublished opinion. We hereby grant the request for judicial notice. (Evid. Code, §§ 452, subd. (d), 459.)

[5] At a *Franklin* hearing, a juvenile offender has "the opportunity to 'place on the record any documents, evaluations, or testimony (subject to cross-examination) that may be relevant at his eventual youth offender parole hearing, and the prosecution likewise may put on the record any evidence that demonstrates the juvenile offender's culpability or cognitive maturity, or otherwise bears on the influence of youth-related factors.' [Citation.]" (*In re Cook* (2019) 7 Cal.5th 439, 458–459.)

On May 10, 2023, the trial court summarily denied defendant's section 1172.6 petition. The court concluded that defendant was not entitled to relief as a matter of law for two reasons. First, "the court file reflect[ed] that . . . [defendant] was one of the two actual killers and was not convicted under a theory of felony-murder of any degree, or a theory of natural and probable consequences." Second, the appellate opinion on direct appeal "reflect[ed] that . . . [defendant] was the actual killer and was convicted of murder on a theory of being the direct perpetrator with his cohort, Oscar Escobar, and not on a theory of felony murder of any degree, or a theory of natural and probable consequences. Both [defendant and Escobar] approached the victim with a handgun and shot the victim."

On May 10, 2023, the trial court also summarily denied the petition for writ of habeas corpus. Among other reasons, the court explained that because defendant had been sentenced to life without the possibility of parole, "[a]ny request for making a record for parole release is non-justiciable and not ripe for consideration."

D. Appeal

Defendant filed a notice of appeal on June 22, 2023. He identified the date of the order or judgment appealed from as May 11, 2023. We construe the notice as appealing the May 10, 2023, orders summarily denying defendant's section 1172.6 petition and petition for writ of habeas corpus.

Counsel was appointed to represent defendant in connection with this appeal. After reviewing the record, appointed counsel filed a brief raising no issues and asking this court to follow the procedures set forth in *Delgadillo*, *supra*,

5

14 Cal.5th 216. Appellate counsel also requested that we exercise our discretion to independently review the record.

On May 8, 2024, we notified defendant that he had 30 days within which to personally submit a supplemental brief or letter stating any grounds for an appeal, contentions, or arguments for us to consider. We also informed defendant that his appeal could be dismissed if a supplemental brief or letter was not timely filed. Defendant filed a supplemental brief on May 22, 2024.

## DISCUSSION

I. *Section 1172.6 Petition for Resentencing*

We decline appellate counsel's invitation to undertake an independent review of the record. Instead, we limit our review of the order denying defendant's section 1172.6 petition to those arguments raised by defendant in his supplemental brief. (*Delgadillo*, *supra*, 14 Cal.5th at p. 232 ["If the defendant . . . files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion"].)

Defendant points to Escobar's November 18, 2012, declaration as newly discovered evidence of his innocence. He argues that insufficient evidence supports a finding that he was the killer. He denies that he acted with malice or assisted or encouraged Escobar to kill.[6] Defendant also raises several claims

---

[6] Accompanying his supplemental brief, defendant submitted a declaration in which he recounts his version of the events of January 24, 2007—the night of the murder. As this declaration is not part of the appellate record, we decline to consider it. (See *Hodge v. Kirkpatrick Development, Inc.* (2005) 130 Cal.App.4th 540, 546, fn. 1 [declining to consider document attached to brief that was not part of the appellate record].)

regarding his original trial, including ineffective assistance of counsel and judicial bias.

These arguments are improper in an appeal from the denial of a section 1172.6 petition. The sole purpose of that petition is to allow persons convicted of murder or other eligible crimes to obtain retroactive relief if they could not now be convicted under recently amended murder statutes. (§ 1172.6, subd. (a); see *People v. Lewis* (2021) 11 Cal.5th 952, 957; *People v. Duran* (2022) 84 Cal.App.5th 920, 927.) Section 1172.6 "does not afford the petitioner a new opportunity to raise claims of trial error or attack the sufficiency of the evidence supporting the jury's findings." (*People v. Farfan* (2021) 71 Cal.App.5th 942, 947; see also *People v. Burns* (2023) 95 Cal.App.5th 862, 865 ["Section 1172.6 does not create a right to a second appeal"].) Defendant does not present any cogent argument directed at whether the summary denial of his section 1172.6 petition was erroneous.

II. *Petition for Writ of Habeas Corpus*

"[I]n noncapital cases, if the superior court denies a petition for a writ of habeas corpus, the petitioner has no statutory right to appeal. Instead, the petitioner must file a new, original petition, generally in the Court of Appeal." (*Robinson v. Lewis* (2020) 9 Cal.5th 883, 895.) Because the order denying defendant's petition for writ of habeas corpus is nonappealable, we dismiss his appeal from it. (*People v. Fuimaono* (2019) 32 Cal.App.5th 132, 133–134; *People v. Mendez* (2012) 209 Cal.App.4th 32, 34.)

Some courts have treated an appeal from the denial of a petition for writ of habeas corpus as the filing of a new petition in the Court of Appeal. (*People v. Gallardo* (2000) 77 Cal.App.4th

7

971, 986; *People v. Garrett* (1998) 67 Cal.App.4th 1419, 1423.) We have no cause to do so here because, on June 22, 2023, defendant filed a petition for writ of habeas corpus in this court asking, among other things, for a *Franklin* hearing. We summarily denied defendant's petition. (*In re Ayala* (July 13, 2023, B329778) [nonpub. order].)

## DISPOSITION

The trial court's May 10, 2023, order denying defendant's section 1172.6 petition for resentencing is affirmed. Defendant's appeal from the court's May 10, 2023, order denying defendant's petition for writ of habeas corpus is dismissed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

_____

LUI, P. J.        ASHMANN-GERST, J.        HOFFSTADT, J.